# JANUARY, 1915

---

Trinity & Brazos Valley Railway Company v. Morris Geary.

No. 2738. Decided January 20, 1915.

**1.—Charge—Verdict—Pleading—Separate Counts.**

On a petition charging defendant, in separate counts, with distinct acts of negligence causing plaintiff's injury, and under a charge requiring them to return a verdict for plaintiff on their finding of negligence alleged in the first and third counts though some should so find upon the first count and others upon the third, a verdict in plaintiff's favor on the first and third counts did not show such a finding by all twelve jurors upon either one of the counts, but by part of them upon one ground and part upon the other. (Pp. 14-17.)

**2.—Verdict—Concurrence of Jurors—Constitution—Statute.**

Though under the Constitution a verdict in civil cases may be rendered on the concurrence of nine jurors (article 5, section 13) the Legislature is, at the same time, given authority to change or modify that rule; and they did so by the Act of April 18, 1876, now article 5217, Revised Statutes, which forbids any verdict being rendered except upon the concurrence of all the members of the jury trying the case. And this law is violated, where distinct grounds of recovery are alleged by the plaintiff in separate counts, though all concur in the finding for plaintiff, where some so find upon one count and others upon another, without all concurring on either count. (Pp. 16 17.)

**3.—Jurisdiction of Supreme Court—Error in Substantive Law—Right to Trial by Jury.**

The denial by the appellate court of the statutory and constitutional right of a litigant to the concurrence of all the jurors in a verdict against him, sub-

stantially affects his right to maintain his defense, and is such an erroneous declaration of the "substantive law" of the case as gives to the Supreme Court jurisdiction to revise such ruling on writ of error.   (Pp. 17, 18.)

Error to the Court of Civil Appeals for the Eighth District, in an appeal from Harris County.

Geary sued the railway company and recovered judgment, which was affirmed on defendant's appeal. The defendant applied for writ of error, and the defendant in error having filed answer to the application, the Supreme Court at the same time grant the writ and determine the case, reversing the judgment and remanding. Motion for rehearing was overruled May 26, 1915.

*N. H. Lassiter* and *Andrews, Ball & Streetman,* for plaintiff in error. —It being a correct rule of law that the verdict of the jury must be reached in the light of the court's instructions, it conclusively appears in this case that, in the light of the instructions given to the jury, the verdict as rendered, in the manner and form rendered, was not a verdict of all the jury, and that same was, therefore, invalid and of no force and effect. Biggs v. Barry, 2 Curtis, 259, Fed. Cases, No. 1402; Postmaster General v. Cross, 4 Wash., 326, Fed. Cases, No. 326; Parrott v. Thacher, 26 Mass. (9 Pick.), 426; Dorr v. Fenno, 29 Mass. (12 Pick.), 521; Garrett v. Robinson, 93 Texas, 413; Clark's Admx. v. Railway Co., 36 Mo., 202; Schofield v. Mittimore, 74 Wis., 194; Ablowich v. Natl. Bank, 95 Texas, 431; May v. Taylor, 22 Texas, 349; Gulf, C. & S. F. Ry. Co. v. Hathaway, 75 Texas, 558.

Where the trial court gives to the jury three forms for their verdict, the first of which is to be used in case they find for plaintiff on the first of two submitted counts, and the second to be used in case they find against the plaintiff as to the first count, but find for him on the other submitted count; and the third form being given in language which permits the jury to bring in a verdict where some of them find for plaintiff under the first count, and some of them find for him under the other count, a verdict brought in by a jury under such third form is not a verdict upon which the jurors concur, and is, therefore, in violation of article 5217 of the Revised Statutes of 1911 of the State of Texas.

*John Lovejoy* and *Presley K. Ewing,* for defendant in error.—The question raised obviously does not involve the declaration by the Court of Civil Appeals of any substantive law, but only of a matter distinctively of procedure, and hence of adjective law, over which this court has no jurisdiction. Vernon's Sayles' Civ. Stats., 1914, art. 1521 (6); Black's Law Dictionary, title "Substantive Law," p. 132; Id., title "Adjective Law," p. 37; McKelvey's Law of Evidence, title, "Place of Evidence in the Law," p. 1.

If the question were reviewable here, there was manifestly no error in its decision, because unanimity of the jury never has been required, and could not in sound policy be required to extend beyond the ultimate

or final facts, not the minutia or particulars as here contended. That the issue of negligence as inferable from improper handling or equipment, was correctly submitted under the doctrine of *res ipsa loquitur,* and it is folly to claim that the *prima facie* case thus arising was in view of the above evidence overthrown conclusively, as matter of law, see T. & B. V. Ry. Co. v. Geary, 144 S. W., 1045, former appeal; M., K. & T. Ry. Co. v. Hawk, 30 Texas Civ. App., 142; G., H. & S. A. Ry. Co. v. Young, 45 Texas Civ. App., 430; Washington v. M., K. & T. Ry. Co. of Texas, 90 Texas, 314, 319-320; McCray v. G., H. & S. A. Ry. Co., 89 Texas, 168; G., C. & S. F. Ry. Co. v. Wood, 63 S. W., 164, 165-166; Shearman & Redfield's Negligence (6th ed.), by Robt. G. Street, vol. 1, secs. 58a, 58b and 59, pp. 130-134; Scott v. London Stk. Docks Co., 3 H. & C., 596, per Chief Justice Erle, the leading case.

That, in a case like this, it is not necessary for the evidence to go to the extent of showing the precise character of the defect, see G., C. & S. F. Ry. Co. v. Hayden, 29 Texas Civ. App., 280; Yellow Pine Paper Mill Co. v. Lyons (Texas Civ. App.), 159 S. W., 910; G., H. & S. A. Ry. Co. v. Fales, 33 Texas Civ. App., 457.

The verdict was a general verdict on two counts setting up the same cause of action and was returned upon a charge under which the jury necessarily found, in connection with the undisputed facts, all the ultimate or final facts involved in Geary's right to recover, towit, (1) that Geary was in the employ of the railway company, then operating a railroad in this State, and in the ordinary discharge of his duties; and (2) that the cars separated while he was so engaged, parting the air hose and applying the brakes, and bringing the car on which he was riding to a sudden and abrupt stop, whereby he was precipitated therefrom and injured; and (3) that such sudden and abrupt stop of the car was due to a want of ordinary care on the part of defendant; and (4) that injury to plaintiff was a proximate result. It follows that there was no error in the verdict warranting a reversal.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

An answer to the application for writ of error having been filed, and the application granted, the case will now be disposed of.

Defendant in error instituted this suit in the District Court of Harris County, seeking to recover from the railroad company damages for an injury received while he was in the employ of said company as foreman and while engaged "in hauling and unloading gravel from a train on the railroad of the plaintiff in error." Negligence which caused the injury was set up in separate counts, but each count is in the same language, except as to the specific negligence.

The petition alleged:

"That while he was so engaged in riding, standing about the center of a flat car, or at any rate, thereon, where he had a right to be (which car was the second car from the caboose at the north end of said train) the brakes were unexpectedly to him, suddenly applied and the car suddenly and abruptly stopped, as would be in an instantly applied emer-

gency, whereby he was thrown northward about fifteen feet to the end of the car, and caused to fall onto and against the car and from the car to the ground," whereby he sustained injuries which were specifically alleged, together with the items of his pecuniary damage.

The District Court submitted two of the acts of negligence alleged in this language. The allegation of negligence in the first count reads: "That one of defendant's employees engaged in operating said train, being one of the operatives thereof, in the course of his service for defendant in that behalf, and acting within the scope of his employment for it, while said train was moving as aforesaid, uncoupled cars of said train without turning the angle cocks and confining the air, whereby said cars separated and thereby burst or parted the air line or hose, by means whereof the air was suddenly applied to the brakes and the car on which plaintiff was riding suddenly and abruptly stopped as aforesaid; which act on the part of defendant's said employee in so handling said car, was negligence towards plaintiff, and a proximate cause of the injuries suffered by him as aforesaid."

The allegation of negligence in the third count reads:

"That aforesaid train, so causing injury to plaintiff as aforesaid, including its operation, handling and equipment, was under the exclusive management and control of the defendant or its employees other than plaintiff, and that the accident to plaintiff, so occasioned as aforesaid, was such as in the ordinary course of things does not happen if those who have the management and control use proper or ordinary care; and plaintiff's said injuries so suffered on account of said brakes being suddenly applied so as to produce said sudden and abrupt stop of the car, were proximately caused by negligence of the defendant or of its agents or employees acting for it within the scope of their employment in that behalf, due to a want of ordinary care, either in the operation or handling or in the equipment of said train, whereby it was, on account of negligence of the defendant or imputable to it, either improperly operated or handled defectively or insufficiently equipped; but the particular or particulars of which negligence are unknown to plaintiff, and he can not more definitely or with greater certainty specify such.

Defendant answered by general denial and plea of assumed risk and contributory negligence.

Upon the issues raised by the pleadings, the jury was instructed:

"If you believe, from the evidence, that one of defendant's employees engaged in operating the train in question uncoupled the cars of the train without turning the angle cocks and confining the air, and that thereby the cars were caused to separate and to burst or part the air hose and to apply the air to the brakes, and that the effect of this was to stop the car on which plaintiff was riding, suddenly and abruptly, and that by reason thereof plaintiff was thrown and caused to fall and suffer injuries substantially in the manner alleged, and if you further

believe that such operative in so doing, if he did, was acting within the course of his service and scope of his employment for the defendant, and that such act on his part, if committed, was a want of ordinary care towards plaintiff and that such want of ordinary care, if any, was a proximate cause, as before defined, of alleged injuries to plaintiff, then find for the plaintiff under the first count of his petition, and so say by your verdict."

"If you do not find that an operative of the train uncoupled the cars without turning the angle cocks and confining the air, but do believe, from the evidence, that the cars separated and broke or parted the air hose and that thereby the brakes were applied and the car on which plaintiff was riding suddenly and abruptly stopped and that by reason thereof plaintiff was thrown and caused to fall and to suffer injuries substantially in the manner alleged, and if you further believe that such an accident does not in the ordinary course of things happen if those who have the management of the train, including its operation and equipment, use reasonable care, and if you further believe that such operation of the cars and application of the brakes and abrupt and sudden stopping of the car on which plaintiff was riding, if such happened, resulted in some manner, either from improper operation or defective equipment of the train, and that such was due to a want of ordinary care on the part of the defendant or of any of its agents or employees acting for it within the scope of their employment, and that such want of ordinary care, if any, was a proximate cause, as before defined, of alleged injuries to plaintiff, if sustained, then find for plaintiff under the third count of his petition, and so say by your verdict."

"If you find plaintiff entitled to recover under the first count, you need not consider his right to recover or not under the third count.

"If you do not find plaintiff entitled to recover under the first count, then unless you believe, from a preponderance of the evidence, that some defect in the train existed, and that defendant or its agents or employees knew thereof, or in the exercise of ordinary care should have known thereof, within a reasonable time to have remedied it, and that such defect, if existing with the knowledge, or negligent lack of knowledge, on the part of the defendant, was a proximate cause of alleged injuries to plaintiff, then you can not find for plaintiff under the third count under the claim of negligent equipment of the train, and in that event you will decide whether or not plaintiff is entitled to recover under said third count under the claim of negligent operation of the train, as before submitted to you."

"If your verdict is in favor of the plaintiff and you find him entitled to recover under the first count the form of your verdict will be: 'We, the jury, find for plaintiff under his first count, and assess his damages at $........ (stating the amount).'

"If your verdict is in favor of plaintiff, and you do not find him entitled to recover under the first count, and do find him entitled to recover under his third count, the form of your verdict will be: 'We, the jury, find for plaintiff under his third count, and assess his damages at $........ (stating the amount).'

"If you find plaintiff entitled to recover, and some of you find him entitled to recover under his first count, and some of you find him entitled to recover under his third count, the form of your verdict will be: 'We, the jury, find plaintiff entitled to recover under his first and third counts, and assess his damages at $........ (stating the amount).'

"If your verdict is in favor of the defendant, its form will be: 'We, the jury, find for the defendant.' "

Section 13 of Article 5 of our Constitution, adopted in 1876, contains this provision:

"In trials of civil cases, and in trials of criminal cases below the grade of felony in the District Courts, nine members of the jury concurring may render a verdict, but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it; . . . provided, that the Legislature may change or modify the rule authorizing less than the whole number of the jury to render a verdict."

The Constitution became effective on the 15th day of February, 1876, and the Legislature assembled on the 18th day of April, 1876, when a law was enacted, now Article 5217 of the Revised Statutes, which we copy:

"Art. 5217. Entire jury must concur in verdict.—No verdict shall be rendered in any cause except upon the concurrence of all the members of the jury trying the same."

The action of the Legislature reflected public sentiment, and that law remains in force. It would be a waste of time to cite cases to support a statute so plain. We note, however, the emphatic terms in which the law is expressed, *"No verdict shall be rendered."* There remains for our consideration the question, does it appear from the verdict rendered, that all of the jury impanelled in this concurred in the finding as presented to the court?

The court submitted to the jury two grounds of negligence as charged in plaintiff's petition, set out in the first paragraph of the charge copied above, in substance, that an employee of the defendant in discharge of his duty, uncoupled cars of the train without turning the angle cocks and confining the air, which caused plaintiff's injury.

The third ground of liability can not be condensed and preserve its character. We therefore copy it:

"If you do not find that an operative of the train uncoupled the cars without turning the angle cocks and confining the air, but do believe, from the evidence, that the cars separated and broke or parted the air-hose and that thereby the brakes were applied and the car on which plaintiff was riding suddenly and abruptly stopped and that by reason

thereof plaintiff was thrown and caused to fall and to suffer injuries substantially in the manner alleged, and if you further believe that such an accident does not in the ordinary course of things happen if those who have the management of the train, including its operation and equipment, use reasonable care and if you further believe that such operation of the cars and application of the brakes and abrupt and sudden stopping of the car on which plaintiff was riding, if such happened, resulted in some manner either from improper operation or defective equipment of the train, and that such was due to a want of ordinary care on the part of the defendant or of any of its agents or employees acting for it within the scope of their employment, and that such want of ordinary care, if any, was a proximate cause, as before defined, of alleged injuries to plaintiff, if sustained, then find for plaintiff under the third count of his petition, and so say by your verdict."

The grounds of recovery were submitted in the alternative in this language:

"If your verdict is in favor of the plaintiff and you find him entitled to recover under the first count the form of your verdict will be: 'We, the jury, find for plaintiff under his first count, and assess his damages at $...... (stating the amount).'

"If your verdict is in favor of plaintiff, and you do not find him entitled to recover under the first count, and do find him entitled to recover under his third count, the form of your verdict will be: 'We, the jury, find for plaintiff under his third count, and assess his damages at $...... (stating the amount).'

"If you find plaintiff entitled to recover, and some of you find him entitled to recover under his first count, and some of you find him entitled to recover under his third count, the form of your verdict will be: 'We, the jury, find plaintiff entitled to recover under his first and third counts, and assess his damages at $...... (stating the amount).' "

The jury returned this verdict:

"We, the jury, find plaintiff, Morris Geary, entitled to recover under his first and third counts, and assess his damages at $20,000.00 (Twenty Thousand Dollars)."

Interpreted by the charge, the verdict clearly expresses that a part of the jury found for plaintiff under the first ground, and part under the third ground. It is manifest that some of the jury based their finding on the first, and some on the third ground, but all did not agree upon either. There being no "concurrence" of all of the members of the jury on either ground of negligence, the action of the District Court in receiving the verdict was in direct disregard of the statute.

Counsel for defendant in error assert that this court has no jurisdiction of the application, because it does not present error in ruling upon the substantive law of the case. This court has defined the term "substantive law" as applied to applications for writs of error, thus:

"(5)  If the case be one in which the Court of Civil Appeals has erroneously declared the substantive law of the case, that the ruling

complained of was upon a question or questions of law that substantially affected the right of the plaintiff to recover or the right of the defendant to maintain his defense."

The denial of a statutory and constitutional right, to have the concurrence of all of the jurors "substantially affects the right of the defendant to maintain its defense." This court has jurisdiction. Because of the error of the trial court in receiving the verdict contrary to the plain language of the statute, the judgments of the Court of Civil Appeals and of the District Court are reversed and this cause is remanded.