**BETHEL PLAZA CHARITABLE TRUST, Appellant,**

v.

**Mitchell VAUGHNS, Appellee.**

**No. 5289.**

Court of Civil Appeals of Texas, Waco.

Dec. 6, 1973.

Rehearing Denied Dec. 27, 1973.

Stanley S. Crooks, Dallas, for appellant.

E. Brice Cunningham, Dallas, for appellee.

OPINION

JAMES, Justice.

This is an appeal from a judgment based upon an "eleven-to-one" verdict. The Appellee has not filed a brief. The case was tried prior to February 1, 1973, the effective date of the amendments to Rules 291 and 292, Texas Rules of Civil Procedure. We reverse and remand.

Plaintiff-Appellee Mitchell Vaughns brought this suit against Defendant-Appellant Bethel Plaza Charitable Trust for money allegedly due him for his services as manager of a housing complex owned by Defendant-Appellant Bethel Plaza. The suit was based upon a written agreement denominated "Renting and Management Agreement" wherein it was recited that Vaughns agreed to manage the complex for Bethel Plaza who in turn agreed to pay him for his services a percentage of the gross rental collections.

Trial was had to a jury, to whom were submitted six special issues. During jury deliberations, through a series of notes written by the jury foreman to the court, and written responses by the court in reply thereto, the record reveals that the jury answered all the special issues unanimously except Special Issue No. 2. This last-named issue inquired of the jury how much money the Defendant Bethel Plaza owed Plaintiff Vaughns under the written agreement. Eleven jurors wanted to answer this issue in the amount of $3588.00; whereas the remaining juror wanted to answer it in some other amount (not revealed by the record). At any rate, the twelfth juror, in the written words of the jury foreman, would not "change under any circumstances."

The trial court instructed the jury to deliberate further. The jury did so, but were still eleven to one, in the same manner as

before. The jury commenced deliberating at 2:05 P.M. on August 31, 1972, and were recessed at 5 P.M. that day until 9 A.M. the next day, September 1, 1972. Just before noon on said last-named date, the jury foreman sent a note to the court advising that the jury was still eleven to one on Special Issue No. 2.

At this point the court sent a reply note back to the jury as follows:

"The eleven who agree please give the amount on the charge and sign the charge at the place where the foreman is to sign his name. The one who does not agree please sign after that."

The jury complied with the court's instructions, and entered the figure of $3588.00 in answer to Special Issue No. 2, and then the jury foreman signed his name in the blank space provided for him on the form of verdict, and under his name were signed the ten jurors who also agreed on the $3588.00 answer. The dissenting juror, Albert B. Wood, signed his name in the left margin opposite the foreman's signature.

Based upon the foregoing "verdict", the trial court entered judgment in favor of Plaintiff Vaughns for $2847.00, interest and costs, said $2847.00 figure being based upon the $3588.00 answer of Special Issue No. 2 less two offsets found by the jury in answer to other special issues.

Defendant-Appellant Bethel Plaza appeals on six points of error, all of which assert the trial court erred in entering judgment upon a verdict which was not the unanimous verdict of the jury. As above stated, Plaintiff-Appellee Vaughns has filed no brief. We sustain Appellant's contentions and reverse the cause and remand same to the trial court for retrial.

Rules 291 and 292, T.R.C.P., were amended effective February 1, 1973, so as to permit less than unanimous verdicts. The case at bar was tried prior to these amendments; therefore we must apply these rules as they existed before their amendments of February 1, 1973.

At the time the case at bar was tried, the last sentence of Rule 291 read:

"No verdict shall be rendered in any cause except upon the concurrence of all members of the jury trying the case."

In the case at bar, there was no "concurrence of all members of the jury trying the case", insofar as Special Issue No. 2 is concerned. Rule 292 (as it existed at the time the case at bar was tried) permitted less than unanimous verdicts under certain conditions wherein one or more jurors may die or be disabled from sitting. None of these exceptions appear in the case now before us.

The trial court's judgment is based upon a verdict in contravention of Rule 291. See Trinity and Brazos Valley Co. v. Geary (1915), 107 Tex. 11, 172 S.W. 545.

We accordingly reverse the trial court's judgment and remand the cause to the trial court for retrial.

Reversed and remanded.