# UNITED STATES *v.* FERGUSON ET AL.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE
EIGHTH CIRCUIT.

No. 238.  Submitted May 1, 1918.—Decided May 20, 1918.

For the purpose of determining the quantum of Indian blood possessed by members of the Five Civilized Tribes, and therein their capacity to alienate allotted lands, the rolls of citizenship approved by the Secretary of the Interior are conclusive. Acts of April 26, 1906, c. 1876, 34 Stat. 137; May 27, 1908, c. 199, 35 Stat 312.

In this case the Indian was enrolled as a Seminole, "blood ½;" his

father was enrolled as a full-blood Creek. *Held*, that oral testimony to prove that his mother, not enrolled, was a full-blood Seminole was properly excluded.

225 Fed. Rep. 974, affirmed.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Kearful* for the United States.

*Mr. Harry H. Rogers, Mr. Joseph L. Hull* and *Mr. Nathan A. Gibson* for appellees.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is a suit to cancel certain conveyances of allotted Indian lands made by the heir of the deceased allottee. In the District Court there was a decree for the defendants, which was affirmed by the Circuit Court of Appeals. 225 Fed. Rep. 974.

The lands formerly belonged to the Creek tribe and were allotted and patented to Kochokney, an enrolled member of that tribe, as his part or share of the tribal domain. He died and Yekcha, as sole heir, succeeded to the title. A considerable time thereafter Yekcha made the conveyances sought to be canceled. Under the Act of April 26, 1906, c. 1876, § 22, 34 Stat. 137, 145, dealing with restrictions on the alienation of Creek and other allotments, he was free to make the conveyances if he was not a full-blood Indian. But if he was a full-blood the conveyances were void because made in violation of applicable restrictions. How the question whether he was or was not a full-blood should be determined—whether by reference to the rolls of citizenship or otherwise—is the matter in controversy.

The legislation providing for the allotment of the lands

of the Five Civilized Tribes, of which the Creek tribe was one, required the commission in charge of that work to make rolls of the citizens or members of each tribe, such rolls to be "descriptive of the persons thereon," and declared that the rolls, when approved by the Secretary of the Interior, should be "the final rolls of citizenship." Acts June 28, 1898, c. 517, § 21, 30 Stat. 495, 503; June 2, 1900, c. 610, 31 Stat. 250; March 1, 1901, c. 676, §§ 28 and 29, 31 Stat. 861, 870; June 30, 1902, c. 1323, §§ 7–9, 32 Stat. 500, 501. The rolls were made and approved by the Secretary, a statement of the age, sex, and quantum of Indian blood of each member being included in the descriptive matter thereon. The Act of April 26, 1906, *supra*, besides making the presence or absence of restrictions on the alienation of allotments dependent on the quantum of Indian blood possessed by the allottee or heir, declared that "the quantum of Indian blood possessed by any member of said tribes shall be determined by the rolls of citizens of said tribes approved by the Secretary of the Interior." The Act of June 21, 1906, c. 3504, 34 Stat. 325, 340, directed that a printed and bound copy of the approved rolls be deposited "in the office of the recorder in each of the recording districts for public inspection." Printed copies were so deposited.

While Kochokney, the father, was a member of the Creek tribe, Yekcha, the son, was a member of the Seminole tribe. Yekcha's enrollment as shown on the approved roll was as follows:

*Seminole Roll.   Indians by Blood.*

"No. 1278: Name, Yekcha, Marche; age 30; sex M.; blood ½. Tribal enrollment: Year, 1897; band, Echo Emarthoge; No. 1; census card No. 380."

At the trial counsel for the plaintiff, after calling attention to the fact, which was admitted, that the father was enrolled as a full-blood Creek, sought to show by

oral testimony that the mother, whose name did not appear on any of the approved rolls, was a full-blood Seminole; but the court was of opinion that the quantum of Indian blood possessed by Yekcha must be determined by the approved roll, and so rejected the testimony. Then, interpreting the roll as meaning that he was an Indian of the half-blood, the court held that under the Act of April 26, 1906, he was free to make the conveyances.

We think the court rightly excluded the oral testimony and gave controlling effect to the approved roll. When Congress came to make a difference between full-blood and mixed-blood Indians, by subjecting the former to restrictions not applied to the latter, it evidently deemed it better for the Indians and all concerned that there be some fixed, easily accessible and reasonably reliable evidential standard by which to determine, for the purpose of the matter then in hand, who were of the full-blood and who of the mixed-blood. Congress had power to deal with the subject, and from among the standards which might have been prescribed it selected the rolls made at its direction by the commission charged with making the allotments. Not improbably it was thought that the rolls, even if not altogether free from mistake and error, would be quite as reliable as oral testimony and would have the advantage of being both easily accessible and enduring. But, passing the reason for it, Congress directed that the quantum of Indian blood "be determined" by the approved rolls, and it did this in a connection which leaves no doubt of its purpose to give controlling effect to the rolls. Emphasis was given to this purpose in the Act of May 27, 1908, c. 199, 35 Stat. 312, where, in again dealing with restrictions on the alienation of allotments, it was provided that the approved rolls "shall be conclusive evidence as to the quantum of Indian blood of any enrolled citizen or freedman of said tribes and of no other persons to determine questions arising under this Act."

Both the federal and state courts in Oklahoma have for several years applied the view here expressed. *Bell* v. *Cook*, 192 Fed. Rep. 597, 604–605; *Yarbrough* v. *Spalding*, 31 Oklahoma, 806; *Lawless* v. *Raddis*, 36 Oklahoma, 616.

It hardly requires statement that the court rightly interpreted the entry of Yekcha's enrollment, before quoted. It neither names nor says anything about either parent, but does state very plainly that he is an Indian of the half-blood.

*Decree affirmed.*