**LANGFORD v. NEWSOM.**    (No. 71–2873.)

(Commission of Appeals of Texas, Section B.
April 14, 1920.)

**1. Covenants ☞22—Law of place where land situated governs covenants running with land.**

The law of the place where the land is situated governs in determining the effect of a covenant running with land.

**2. Covenants ☞94, 95, 100(1) — Rights of grantee under Oklahoma warranty deed stated; "covenant of seisin; covenant of good right to convey."**

Where warranty deed to land in Oklahoma under Comp. Laws 1909, § 1202, substantially complies with the provisions of the act, plaintiff claiming breach of warranty need only show that title he acquired fell short of that which the deed purported to convey, and, covenants of seisin and good right to convey, usually regarded as synonymous and as a guaranty against any title existing in a third person which might defeat the estate granted, are broken, grantee may recover, where grantor has no title, or where the title is in a stranger, or where the grantor has less than the title covenanted for.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Covenant of Seisin.]

**3. Covenants ☞118—Grantee suing for breach of warranty must show deed in substantial compliance with statute.**

In grantee's action for breach of warranty under warranty deed conveying land in Oklahoma because of existence of superior title in another under Comp. Laws 1909, § 1202, grantee, in order to recover, must affirmatively show that the deed under which he claimed was made in substantial compliance with the provisions of the Oklahoma act of which such statute was a part.

**4. Covenants ☞4—Deed to carry covenants must comply with statute.**

In order for a deed to carry the covenants of seisin and right to convey under Comp. Laws 1909, § 1202, by virtue of such statute the deed must not only be a warranty deed, but it must be made in substantial compliance with the provisions of the act of which such section is a part.

**5. Indians ☞15(1)—Deed of minor Indian allottee void.**

Deed of Indian allottee of land under the United States laws was void and conveyed no title if at the time of executing the deed the Indian was a minor.

**6. Indians ☞13—Indian's testimony as to his age at time of executing deed inadmissible.**

In action involving validity of Indian allottee's deed because of infancy, the Indian's testimony as to his age at time of execution of deed was inadmissible, under Act Cong. May 27, 1908, making enrollment records of the Commissioner of the Five Civilized Tribes conclusive evidence as to age of the freedmen of such tribes.

**7. Evidence ☞345(1)—Unsealed certified record of enrollment of citizens or freedmen inadmissible.**

Unsealed certified copy of enrollment record of the citizens or freedmen of one of the Five Civilized Tribes was inadmissible in action involving question of fact as to an Indian's age at the time of his execution of the deed.

**8. Indians ☞13—Enrollment records of Commissioner to Five Civilized Tribes conclusive as to Indian's age.**

Under Act Cong. May 27, 1908, the rolls of citizens and freedmen of the Five Civilized Tribes is inadmissible in evidence on the question of an Indian's age at a particular time; the enrollment records of the Commissioner of the Five Civilized Tribes being conclusive evidence of such age.

**9. Appeal and error ☞1085 — Decision of Court of Civil Appeals as to admissibility of evidence final.**

The decision of the Court of Civil Appeals on questions relating to the admissibility of evidence is final and not reviewable by the Supreme Court.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by W. L. Langford against J. C. Newsom. Judgment for plaintiff reversed by Court of Civil Appeals (174 S. W. 1036), and plaintiff brings error. Judgment of Court of Civil Appeals affirmed, and cause remanded for new trial.

Jno. R. Storms, of San Antonio, for plaintiff in error.

Alexander, Power & Ridgway, of Ft. Worth, and S. A. Bryant, of Memphis, for defendant in error.

McCLENDON, J. W. L. Langford brought this suit against J. C. Newsom to recover upon an alleged breach of warranty. Langford owned a stock of goods at Hadley, Tex., which he traded to Newsom for a tract of land in Oklahoma; Newsom executing a general warranty deed to Langford. The land had been allotted to Thomas H. Thomas, a freedman of the Seminole Tribe of Indians, and an allottee of land under the laws of the United States. On August 20, 1910, Thomas conveyed to one Stokes, through whom Newsom deraigned title. Plaintiff's suit is predicated upon the assertion that Thomas at the time of executing the deed was a minor, and his deed passed no title. The case was tried before a jury, who were instructed to find for the plaintiff; the only question of fact left to the jury being the amount of their verdict, which they were instructed to fix at the cash market value of the stock of goods at the time of the trade, less $260. The judgment rendered upon the verdict of the jury under this instruction was reversed by the Court of Civil Appeals, Seventh Dis-

trict, and the cause remanded for a new trial. 174 S. W. 1036.

Several questions are presented by the application for writ of error which we will consider in the order of their importance.

[1] It was contended by appellant in the Court of Civil Appeals that plaintiff had failed to establish a case of breach of warranty, in that there was no evidence of ouster or pressure of outstanding title, and that the mere existence of a superior title in another was not sufficient to constitute a breach of warranty. In passing upon this question, it becomes necessary to decide what law applies. After carefully reviewing the authorities, we conclude that the Court of Civil Appeals was correct in holding that, in determining the effect of covenants running with the land, the law of the place where the land is situated should govern; and therefore the rights of the parties in this regard should be determined by the laws of Oklahoma.

The statute of that state (Comp. Laws 1909) pleaded and relied upon reads:

"Sec. 1202. *Interest Conveyed by Warranty Deed.*—A warranty deed, made in substantial compliance with the provisions of this act, shall convey to the grantee, his heirs or assigns, the whole interest of the grantor in the premises described, and shall be deemd a covenant on the part of the grantor, that at the time of making the deed he is legally seized of the indefeasible estate in fee simple of the premises and has good right and full power to convey the same; that the same are clear of all incumbrances and liens, and that he warrants (to) the grantee, his heirs and assigns, the quiet and peaceable possession thereof, and will defend the title thereto against all persons who may lawfully claim the same, and the covenants and warranty shall be obligatory and binding upon any such grantor, his heirs and personal representatives, as if written at length in such deed."

[2] Under this statute it is clear that the plaintiff is only required to show that the title he acquired under the deed fell short of the title which the deed purported to convey. The convenants of "seisin" and of "good right to convey" are usually regarded as synonymous, and are construed to be a guaranty against any title existing in a third person which might defeat the estate granted, from which it follows "that this covenant is broken at the time it is made where the grantor has no title, or, what is equivalent thereto, where the title is in a stranger; or where the grantor has less than the title covenanted for." 7 Ruling Case Law, pp. 1130, 1131. The Supreme Court of Oklahoma has construed this statute as importing into all warranty deeds the covenant of "seisin" and "good right to convey." Faller v. Davis, 30 Okl. 56, 118 Pac. 384, Ann. Cas. 1913B, 1181.

[3, 4] The Court of Civil Appeals, however, seem to hold that it was necessary for plaintiff to show affirmatively that the deed under which he claimed was "made in substan-

220 S.W.—35

tial compliance with the provisions of" the Oklahoma act. We have reached the conclusion that this view is correct. The deed pleaded and proved was in form a general warranty deed, but did not in terms embrace a covenant of seisin or good right to convey. In order for an instrument to carry the covenants specified in section 1202 of the Oklahoma statute, by virtue of that section, the instrument must not only be "a warranty deed," but it must be "made in substantial compliance with the provisions" of the act of which section 1202 is a part. It therefore devolves on one seeking to recover in Texas for breach of a covenant specified in section 1202 to plead and prove that an instrument not expressly embodying such a covenant was "made in substantial compliance with the provisions" of the act. In the absence of such pleading and proof, no different effect should be given to the covenants of the deed than would follow from an application of the rules declared in Land Co. v. North, 92 Tex. 72, 45 S. W. 994.

[5] We are further clearly of opinion that the Court of Civil Appeals correctly held that, if the deed of Thomas was executed while he was a minor, it was void and conveyed no title. This appears to be the uniform construction placed by the courts of Oklahoma upon the United States statutes under which these lands are alienated. Tirey v. Darneal, 37 Okl. 606, 133 Pac. 614, and cases there cited.

The age of Thomas H. Thomas at the time he executed the deed to Stokes presents the only question of fact in establishing breach of warranty. Plaintiff sought to prove this by introducing a certified copy of the Seminole Freedmen roll, which reads as follows:

Department of the Interior
Commissioner of the Five Civilized Tribes
Seminole Roll Freedmen.

| No. | Name. | Age. | Sex. | Blood. | Year. | Tribal Enrollment Band. |
|---|---|---|---|---|---|---|
| 2597 | Thomas, Thos H. | 7 | M | | 1897 | Dosar Barkus |

No. 402. Census Card No. 803.

This is to certify that I am the officer having custody of the approved roll of Seminole Freedmen, and that the above and foregoing is a true and correct copy of that portion of said roll appearing at No. 2597, enrolled as of July, 1898, P. O. Sasakwa, Oklahoma.

J. G. Wright,
Commissioner to the Five Civilized Tribes.

C. H. Drewe, Clerk.
Muskogee, Oklahoma, December 22, 1913.

Plaintiff also offered the deposition of Thomas to show that he was not 21 years of age at the time his deed to Stokes was executed. Objection was made to this testimony, on the ground that the enrollment records of the Commissioner to the Five Civilized Tribes was conclusive evidence of the age of the freedmen, and no other evidence was competent. Objection was made to the certificate above copied, on two grounds: First, that it had no seal; and, second, that it did not purport to be a copy of the enrollment records, but a copy of the approved rolls.

The objections, both to the oral testimony and to the certificate, were sustained by the Court of Civil Appeals.

The United States statute bearing upon this question reads as follows:

"That the rolls of citizenship and of freedmen of the Five Civilized Tribes approved by the Secretary of the Interior shall be conclusive evidence as to the quantum of Indian blood of any enrolled citizen or freedman of said tribes and of no other persons to determine questions arising under this act and the enrollment records of the Commissioner to the Five Civilized Tribes shall hereafter be conclusive evidence as to the age of said citizen or freedman." U. S. Statutes at Large, vol. 35, p. 312.

[6] This statute has been frequently before the courts of Oklahoma, and it has been uniformly held that the enrollment records of the Commissioner to the Five Civilized Tribes constitute the only admissible testimony for the establishment of the age of allottees of lands of these tribes. Yarbrough v. Spalding, 31 Okl. 806, 123 Pac. 843; Lawless v. Raddis, 36 Okl. 616, 129 Pac. 711. To the same effect is Bell v. Cook (C. C.) 192 Fed. 597. These decisions have been approved in a recent opinion of the Supreme Court of the United States. United States v. Ferguson, 247 U. S. 175, 38 Sup. Ct. 434, 62 L. Ed. 1052. Under these decisions, the testimony of Thomas as to his age was inadmissible.

[7] We are clearly of opinion that the Court of Civil Appeals was correct in holding the certified copy of the enrollment record inadmissible on account of the fact that it had no seal. The able discussion of this question by the Court of Civil Appeals and the statutes and authorities cited are referred to.

We have some difficulty in determining whether the certificate above quoted identifies the record certified to as that which the statute quoted makes conclusive evidence of the age of freedmen. It will be observed that the rolls of citizenship approved by the Secretary of the Interior are made conclusive as to the quantum of Indian blood, while "the enrollment records of the Commissioner to the Five Civilized Tribes" are made conclusive as to age.

In the case of Scott v. Brakel, 43 Okl. 655, 143 Pac. 510, Chief Justice Kane of the Oklahoma Supreme Court gives the history of this legislation and the manner in which the various rolls were compiled by the Dawes Commission. It appears from this opinion:

That the enrollment records embraced the evidence and conclusions of the commissioners; whereas the approved roll "was nothing more than compilations from the enrollment records in the form of typewritten lists of the members of the tribes found entitled to enrollment with numbers opposite their names for the purpose of identification, and followed by typewritten numbers showing age, sex, degree of blood, and card number compiled from the enrollment records. These rolls as prepared and submitted to and approved by the Secretary of the Interior contained no computation of the age of any member of the tribes at any given date, and the calculation of ages, as shown on the published rolls, is not uniform throughout the publication. No date is given for the calculation of the ages of Cherokee freedmen, and in the Creek Nation the public is warned against accepting rolls as an evidence of age, as both the final roll of Creeks by blood and of Creek freedmen bear the notation: 'Ages shown on this roll are the ages shown on date of enrollment. To calculate present age of allottees, it will be necessary to secure a certified copy of census card showing date of enrollment.' "

[8] The language of the statute quoted is plain, and the reason for making the enrollment records, and not the approved roll, conclusive evidence of age, is obvious in the light of the manner in which these rolls were made up. The decisions above cited make it clear that only the enrollment records are competent evidence upon the question of age.

We are not prepared to say, however, that the objection to the certified copy as not being a copy of the enrollment records should be sustained. The certificate is in the exact language of the certificates in the cases of Yarbrough v. Spalding, 31 Okl. 806, 123 Pac. 843, and Campbell v. McSpadden, 34 Okl. 377, 127 Pac. 854. In both those cases the certified copy was admitted as being a copy of the enrollment records, although the certificates use the expression "Approved Roll of Cherokee Freedmen" in one case, and "Approved Roll of Creek Citizens by Blood" in the other. In the latter case specific objection was made to the copy offered in evidence, as being a copy of the approved roll, and not a copy of the enrollment records. In overruling this objection, the court say:

"Now, the approved rolls of Cherokee freedmen, copy of which is in the state library, and which we have examined, do not show the date to which the ages of Cherokee freedmen were calculated. But the certificate above does show the date to which their ages were calculated, and shows that the allottee Ellis Williams was enrolled 15 years of age, as of September 1, 1903; hence we must conclude that the above instrument is not a copy of the 'rolls,' but a copy of

the 'enrollment record,' referred to in the act of Congress, and made conclusive as to the ages of those enrolled."

The certificate in this case gives the same data as that given in the certificate in Campbell v. McSpadden, except that in the latter case the day of enrollment is given, whereas in the present case the month only is given. As we hold that the certificate was not admissible for want of a seal, and a new certificate must be obtained, and as the question here presented is solely one of identity of the proper record, all doubt in this regard may readily be removed upon another trial.

[9] The only other questions presented relate to the admissibility of testimony. Under the case of Browder v. School District, 107 Tex. 535, 180 S. W. 1077, the decision of the Court of Civil Appeals upon these questions is final, and not reviewable by the Supreme Court.

We conclude that the judgment of the Court of Civil Appeals reversing the judgment of the trial court should be affirmed, and the cause remanded for a new trial in accordance with the views herein expressed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the questions discussed.