**SLATON et al. v. CITIZENS' NAT. BANK OF PLAINVIEW et al. (No. 141–3063.)**

(Commission of Appeals of Texas, Section B. May 26, 1920.)

1. **Appeal and error ⚖⇒842(6) — Decision of Court of Civil Appeals conclusive on Supreme Court, where question is not one of substantive law.**

In grantee's action to enjoin sale, of property conveyed, on execution against grantor, where plaintiff claimed that such property did not exceed in value the property conveyed to grantor in exchange therefor, the decision of Court of Civil Appeals as to whether trial court erred in excluding testimony offered to impeach grantee's testimony as to the valuation placed by him upon the property conveyed to grantor *held* conclusive on Supreme Court; the question not being one of substantive law.

2. **Fraudulent conveyances ⚖⇒309(7)—Refusal to submit special issues as to value of property held error.**

In grantee's action to enjoin sale, of property conveyed, on execution against grantor, involving issue as to whether conveyance had been fraudulent as to grantor's creditor, where grantee claimed that such property did not exceed in value the property conveyed to grantor in exchange therefor, and where the evidence would have warranted either a finding that property conveyed to grantee did or did not exceed in value property conveyed in exchange therefor, court's refusal to submit separately special issues as to the market value of the pieces of property *held* error.

3. **Fraudulent conveyances ⚖⇒309(4)—Refusal to charge as to fraudulent intent held error.**

In grantee's action to enjoin sale on execution against grantor, where there was evidence raising the issue of whether land conveyed to grantee exceeded in value the land conveyed to grantor in exchange therefor, refusal to charge on fraudulent intent of grantor *held* error.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by J. H. Slaton and another against the Citizens' National Bank of Plainview and another. Judgment was rendered for plaintiffs, was reversed, and the cause was remanded by the Court of Civil Appeals (189 S. W. 742), and plaintiffs bring error. Judgment of Court of Civil Appeals affirmed.

Mathes & Williams, of Plainview, for plaintiffs in error.

Turner & Rollins, of Amarillo, and C. D. Russell, of Plainview, for defendants in error.

McCLENDON, J. J. H. Slaton and the First National Bank of Plainview, as plaintiffs, brought this suit to enjoin the Citizens' National Bank of Plainview and the sheriff of Swisher county from selling a section of land in the latter county under an execution in favor of defendant bank against J. L. Overall, the section having been conveyed by Overall to Slaton prior to the levy. The defense was that the conveyance to Slaton was in fraud of defendant bank's rights as a creditor of Overall. The Court of Civil Appeals reversed and remanded a judgment of the district court, granting and perpetuating the injunction prayed for by plaintiffs. 189 S. W. 742.

In 1913 the Citizens' Bank recovered against J. J. Rushing et al. a judgment in excess of $13,000. Overall became a surety upon a supersedeas bond in an appeal from said judgment. The judgment was affirmed by the Court of Civil Appeals on November 29, 1913, and judgment rendered by that court against the sureties upon the supersedeas bond. The Supreme Court refused writ of error December 23, 1914. On October 20, 1914, Overall and wife conveyed the section in question to Slaton, for a recited consideration of $16,000 and the assumption of the purchase money due the state. On the same day Slaton and wife conveyed to Overall seven lots in Plainview, which will be referred to as the barn property, for the recited consideration of $16,000. The section was levied on in August, 1915. Plaintiffs' version of the transaction was as follows: Overall was indebted to plaintiff bank upon a note amounting to about $3,000. Overall, who owned a residence homestead in the town of Plainview, was anxious to convert the section in question into a business homestead, as a protection to his family against impending liability upon the supersedeas bond, the effectuation of which desire resulted in a trade by which Overall acquired the barn property and satisfied his debt to the bank in exchange for the section of land and certain personalty. Slaton was the president of the bank, and the title to the barn property stood in his name, although

in fact owned by the bank, except as to a $4,000 interest therein in favor of Slaton. The title to the section was taken in the name of Slaton, with the understanding that he held it for the bank, except as to the $4,000 interest, which was transferred from the barn property to the section. The contention of plaintiffs was that the transaction as above stated was bona fide; that the value of the property conveyed by Overall did not exceed his debt to the bank and the value of the barn property, and that Overall had the legal right to convert his property into a business homestead, regardless of his motives concerning his creditors. Defendants' theory, on the other hand, was that the transaction was not bona fide, but merely simulated for the purpose of defeating the debt of defendant bank; or, if bona fide to the extent of the value of the barn property and Overall's debt to plaintiff bank, the section and personalty was of a value largely in excess of what Overall received for it in the transaction, and to that extent was fraudulent as to defendant bank's rights, and the latter was entitled to have the excess applied to its judgment. The case was tried before a jury upon special issues; only two questions being submitted to the jury. Under the first question, the jury found that the transaction between Overall and plaintiffs was not simulated. The second question was as follows:

"Was the property received by the said J. L. Overall, to wit, the barn known as the Shepard barn and the debt owing by said J. L. Overall to the said First National Bank, of the reasonable value of the property given in exchange therefor?"

To which the jury answered:

"The property received by J. L. Overall was a reasonable value for the property given in exchange therefor."

The Court of Civil Appeals reversed the judgment of the trial court upon four grounds. Defendants assail but three of the grounds upon which the reversal is based. The writ of error was granted by the committee of judges without notation. After a careful examination of the case, we are unable to conclude that there was error in the complained of rulings of the Court of Civil Appeals.

[1] The first of those rulings relates to the trial court's action in excluding testimony as to the value of certain lots acquired by Slaton at the time he acquired the barn property. This testimony was offered as tending to impeach the testimony of Slaton as to the valuation placed by him upon the barn property at the time he acquired it, and circumstantially as tending to show that the barn property was not as valuable as claimed

and testified to by Slaton. The question thus presented is, we think, clearly not one of substantive law, and the decision of the Court of Civil Appeals thereon is therefore final.

[2] The second question raised is upon the refusal of the trial court to submit to the jury special issues requiring findings upon the following matters separately: (1) Whether the section had a market value; and if so (2) what that value was; and if not (3) what was its intrinsic value; also the same issues as to the personalty and the barn property. The evidence clearly showed that each of these pieces of property had a market value, and the testimony of the witnesses as to such value varied widely. The jury would have been warranted in finding that the section was not as valuable as the barn and the Overall debt, or that the section largely exceeded such value. In the case of Torrey v. Cameron, 73 Tex. 591, creditors sought to subject to their claims the excess in value of property conveyed by their debtor to his wife in satisfaction of a debt to her as being in fraud of their rights. The court said: "The amount of the credit and the value of the property must be approximately equal." We think that case is also authority for the proposition that the market value, where the property has such value, governs in this as in other classes of cases. It seems clear to us that defendants were entitled to have the special issues here presented submitted to the jury.

[3] The third question relates to the refusal of the trial court to charge upon the fraudulent intent of Overall in making the conveyance to Slaton. The fraudulent intent was the very gist of defendant bank's right to subject the property to its debt. As the evidence fairly raises the issue of an excess in value of the property conveyed to Slaton above the consideration received by Overall, the fraudulent purpose would become material in case the issue of excessive value should be found in favor of defendants.

Defendants strenuously contend that the Court of Civil Appeals holds that, although there was no excess in the property acquired by plaintiffs above the consideration received by Overall, and although the transaction was found not to be simulated, still it might be fraudulent as to defendant bank, and that such holding is in conflict with Thompson v. Railway Co., 45 Tex. Civ. App. 285, 100 S. W. 197, and other cases of like import. We do not so understand the opinion of the Court of Civil Appeals. Our construction of that opinion is that, under the finding of the jury that the transaction was not simulated, defendant bank could subject to its debt the land levied upon only in case and to the extent that its value exceeded that of the property conveyed to Overall, plus the amount of his debt to the bank.

We conclude that the judgment of the Court of Civil Appeals should be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case, and the holding of the Commission on the question.