## KANSAS CITY, M. & O. RY. CO. OF TEXAS v. ESTES.    (No. 198–3262.)

(Commission of Appeals of Texas, Section B.
March 23, 1921.)

**1. Master and servant ⬤═══297(1)—Finding held to embrace element essential to proximate cause of switchman's injuries.**

In a switchman's action, under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), for injuries, finding that the foreman in failing to notify plaintiff switchman of a change of method in switching and uncoupling cars proximately caused, or contributed to cause, plaintiff switchman's injuries, *held* to necessarily embrace the element essential to proximate cause that the foreman should have anticipated injury.

**2. Master and servant ⬤═══297(2)—Finding of negligence proximately causing injuries to switchman held not impaired by finding as to knowledge of his position.**

In a switchman's action for injuries, finding establishing as a fact only that the foreman by the exercise of ordinary care could not have known the whereabouts and position of plaintiff switchman on the train could be permitted to stand without destroying or impairing finding that the foreman should by the exercise of ordinary care have anticipated that plaintiff might be at the place of danger, a finding included in the finding that his failure to notify plaintiff switchman proximately caused or contributed to cause his injuries.

**3. Appeal and error ⬤═══218(2)—Failure to submit issue not prejudicial, in absence of refusal on request.**

Failure of the trial court, in a switchman's action for personal injuries, to submit to the jury the issue of the foreman's anticipation of injury as related to proximate cause, was not prejudicial to defendant railroad in the absence of refusal by the trial court to submit a correct special issue on such subject at the request of defendant railroad.

**4. Negligence ⬤═══101—Contributory negligence diminishes recovery under federal act.**

Under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), contributory negligence of the injured employé is not a complete bar to his recovery; the act providing that the amount of damage resulting from the injured employé's negligence shall be deducted from the amount resulting from defendant railroad's negligence.

---

⬤═══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Master and servant ⬦285(4)—Evidence held not to present issue of accident resulting in switchman's injuries.**

In an action against a railroad by its switchman for injuries, evidence *held* not to present the issue of accident to 'call for its submission to the jury.

**6. Appeal and error ⬦1082(1)—Assignments complaining of exclusion of testimony not within jurisdiction of Supreme Court.**

In an action against a railroad under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) for injuries to its switchman, assignments of error, complaining of the exclusion of certain testimony of defendant railroad's foreman giving his opinion on the manner in which plaintiff received his injuries, do not present questions of substantive law, and are not within the jurisdiction of the Supreme Court.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by P. L. Estes against the Kansas City, Mexico & Orient Railway Company of Texas, resulting in judgment for plaintiff, which was affirmed by the Court of Civil Appeals (203 S. W. 1155), and defendant brings error. Affirmed.

H. S. Garrett, of Cisco, Ellis Douthit, of Sweetwater, and Alexander, Baldwin & Ridgway, of Fort Worth, for plaintiff in error.

Lenord M. Levy, of Ranger, McLean, Scott & McLean, of Fort Worth, Blanks, Collins & Jackson, of San Angelo, and Lea, McGrady & Thomason, of El Paso, for defendant in error.

McCLENDON, P. J. P. L. Estes brought this suit against the Kansas City, Mexico & Orient Railway Company of Texas, to recover compensatory damages for personal injuries received by him while in the employ of defendant as a switchman. The cause was tried before a jury upon special issues, and the jury found both plaintiff and defendant guilty of negligence, and fixed the amount of plaintiff's damage and of the deduction to be made for plaintiff's negligence. The trial court rendered judgment for plaintiff for the net amount thus fixed by the verdict. This judgment was affirmed by the Court of Civil Appeals. 203 S. W. 1155.

The case is governed by the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), and the controlling question presented in the application for writ of error is whether the answers of the jury to two of the special issues submitted, Nos. 2 and 11, are consistent with a judgment in favor of plaintiff. The following statement of the case will suffice to a clear understanding of this issue:

At the time of the injury Estes was a member of a switching crew at San Angelo, consisting, besides himself, of Chambers, the foreman, and the engineer and fireman of the switch engine. The work immediately in hand was the making up of a freight train bound east. The train had just arrived from the west, and consisted of some 19 stock cars in front, or to the east, and some 14 refrigerator and box cars immediately behind the stock cars. The stock cars were to be left at San Angelo, and the refrigerator and box cars were to move east. There were two methods by which the stock cars could be cut out of the train, either of which methods necessitated backing the train about one-half mile and setting out the stock cars upon the leg of a Y. By one of these methods, known as "kicking," the train would be speeded up until the junction between the cars where the cut was to be made was near the Y switch, when the coupling pin would be removed and the front portion of the train stopped, thus permitting the rear cars to roll beyond the Y switch, when the switch would be thrown and the stock cars backed onto the Y leg. The other method, known as "shoving," was to push the train back on the main line till the point of the cut had passed beyond the Y switch, when the uncoupling would be made while the train was at a standstill. The forward portion of the train would then be moved forward until it cleared the switch point; when the switch would be thrown and the stock cars backed onto the Y leg. Under either of these methods it was necessary, and it was the duty of the plaintiff, to set the brakes upon the refrigerator and box cars after they had been placed beyond the Y switch, in order to prevent their involuntary movement. When the train proceeded westward, Chambers and plaintiff got on top of the box cars, near the engine, and walked westward toward the rear of the train, plaintiff being some one or two car lengths ahead of Chambers. When Chambers arrived at the point of the cut, he descended from the top of the car and removed the pin, gave the necessary signal, and stopped the train, thus parting the train by the "kick" method. In the meantime plaintiff had returned to the point of the cut, and as the train parted he stepped or fell between the two sections of the train, and received the injuries of which he complained.

The theory upon which plaintiff sought recovery, and which is supported by evidence, is that before the train moved westward, Chambers had informed the crew that the "shoving" method would be employed. Estes testified that he last saw Chambers sitting upon the side of the rear stock car, and when he next turned and looked for him he had disappeared; that it was his duty to be in view of Chambers at all times, in order to be informed as to the signals given for the

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

movement of the train, and when he failed to see Chambers he retraced his steps towards the point of the cut in order to find him; that just as he was stepping from the front box car to the rear stock car the train parted, and he fell between the cars. The actionable negligence relied upon was the change in the method of cutting the cars without notice to plaintiff.

The theory of the defendant, which is also supported by evidence, is that, regardless of the failure of Chambers to notify plaintiff of the change in method, it was the duty of plaintiff under his employment to remain upon the rear portion of the train; that no duty called him back to the point of the cut; that his return to said point was negligence, and that Chambers was not only ignorant of his presence there, but could not reasonably have anticipated that he would be there.

In this state of the issues, the verdict of the jury (copied in full in the opinion of the Court of Civil Appeals) established the following facts: (1) That Chambers knew plaintiff was on top of the string of cars when he released the coupling; (3) that he did not apprise plaintiff of his intention to cut the cars; (4) that such failure was negligence, proximately causing or contributing to plaintiff's injuries; (5) that Chambers had instructed plaintiff, or explained in his presence, how the switching would be done; (6) that Chambers did not handle the cars in the manner in which he had thus explained; (7) that he did not advise plaintiff that the switching would not be done in the manner previously explained to plaintiff; and (8) that such failure to advise plaintiff was negligence, proximately causing or contributing to plaintiff's injuries.

In addition, the jury answered special issues Nos. 2 and 11 as follows:

"(2) At the time he released the coupling which caused the string of cars to part, could the foreman, Chambers, by the exercise of ordinary care, have known the whereabouts and the position in which plaintiff then was? Answer: No."

"(11) In being in the position and place in which you may believe and find from the evidence plaintiff was at the time the string of cars parted, was the plaintiff himself guilty of negligence which proximately contributed to cause his injuries, if any? Answer: Yes."

The question thus presented is whether the answers of the jury to special issues Nos. 2 and 11 are inconsistent with and destroy the findings of the jury in answer to the other special issues to the effect that the action of Chambers in changing the method of switching and uncoupling the cars at the time he did, without notice to plaintiff, was the proximate cause of plaintiff's injuries.

[1] The jury finding under special issue No. 2 does not defeat the finding essential to recovery under special issues Nos. 4 and 8 that Chambers' change of method in cutting the cars without notice to plaintiff constituted actionable negligence in that it proximately caused, or contributed to cause, the injuries complained of. The term "proximate cause," as employed in negligence cases in Texas, necessarily embraces the element of anticipation of injury. As applied to Chambers' conduct, the finding that his action, or nonaction, in failing to notify plaintiff of the change of method, proximately caused, or contributed to cause, plaintiff's injuries, necessarily embraces the element essential to proximate cause that in the exercise of ordinary care Chambers ought to have anticipated that plaintiff might be injured as a result of his conduct in this regard.

[2, 3] Special issue No. 2 established as a fact only that Chambers, by the exercise of ordinary care, could not have *known* the whereabouts and position of plaintiff. Such finding can be permitted to stand without destroying or impairing the finding that Chambers should, by the exercise of ordinary care, have *anticipated* that plaintiff might be at the place of danger—a finding included in the finding that his failure to notify plaintiff proximately caused, or contributed to cause, his injuries. The failure of the trial court to submit to the jury the issue of anticipation of injury as related to proximate cause was not prejudicial in the absence of a refusal by the court to submit a correct special issue upon that subject at the request of defendant.

[4] Special issue No. 11 relates solely to the issue of plaintiff's contributory negligence, and could therefore have no bearing upon the issue whether Chambers' negligence was a proximate cause of plaintiff's injuries, unless the case were one in which, under its peculiar facts, such finding of contributory negligence would be inconsistent with and would therefore destroy the finding of actionable negligence on defendant's part. Under the federal Employers' Liability Act contributory negligence of the employee is not a complete bar to his recovery. As stated at the outset, the amount found to have been the result of plaintiff's negligence was deducted from the amount found to have been the result of defendant's negligence, and plaintiff was given judgment for the remaining sum. This was a literal application of the rule provided for in the federal act.

[5] Error is also assigned upon the refusal of the trial court, upon request of defendant, to submit to the jury the issue of "accident." We have reached the conclusion that the Court of Civil Appeals correctly held that the evidence does not present this issue.

[6] The assignments of error, complaining of the exclusion of certain testimony of Chambers giving his opinion upon the man-

ner in which plaintiff received his injuries, do not present questions of substantive law, and are not within the jurisdiction of the Supreme Court.

We conclude that the judgments of the Court of Civil Appeals and district court should be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.