## MERCHANTS' COTTON OIL CO., Inc., v. ACME GIN CO., Inc.

### No. 872.

Court of Civil Appeals of Texas. Eastland.

May 29, 1931.

Rehearing Denied June 19, 1931.

Beall & Beall, of Sweetwater, for appellant.

Edward J. Hamner, of Sweetwater, for appellee.

FUNDERBURK, J.

Merchants' Cotton Oil Company, Inc., brought this suit against Acme Gin Company, Inc., to recover damages for breach of a contract by which the latter sold to the former 650 tons of cotton seed at $42.75 per ton. Plaintiff alleged that, as a result of defendant's failure to deliver the seed, it was forced to go into the market and buy other seed at the price then prevailing of $53 per ton, or a total of $6,662.50 in excess of the contract price, for which amount as damages judgment was sought. Among the defenses pleaded was a general denial. The judgment was determined by a single issue, which, as submitted to the jury and by them answered, was as follows: "Has plaintiff established, by a preponderance of the evidence, that the defendant made the contract with the plaintiff which is set out in plaintiff's petition? Answer yes or no. Answer No."

Judgment having been rendered for defendant, plaintiff prosecutes this appeal.

■ Whether defendants made the contract with plaintiff, as alleged, to sell the seed, was a material and sharply controverted issue upon the trial. Plaintiff offered in evidence on that issue a telegram as follows:

"Roscoe, Texas, Oct. 10, 1923.
"Merchants Cotton Oil Co., Shreveport, La.
"Wire me your price in cancellation of contract made with you yesterday.
"R. E. Gracey."

Objection was made and sustained, and the evidence excluded on the ground that the telegram was sent in an effort to effect a compromise of the controversy involved in the suit. The action of the court in excluding this evidence is complained of and presented as the first ground relied upon by appellant for a reversal of the judgment. The telegram did not purport on its face to be part of any negotiations for the compromise of a controversy. We do not understand appellant to contend that it does. When the objection was made, the court excused the jury, and, in their absence, heard evidence to determine whether in fact the telegram had been sent in pursuance of a purpose to negotiate a compromise, and concluded that it had. The action of the court, including the testimony heard in reference to the matter, was embodied in a bill of exceptions. The testimony shows that R. E. Gracey was the representative of the defendant who made the contract in question, if any was made; that such contract was negotiated through W. H. Brooks of Abilene. Gracey testified that, prior to the sending of the telegram, he had a telephone conversation with Brooks in which Brooks contended that a contract had been made, and the witness contended that a contract had not been made, and that Brooks had expressed an intention to hold the defendant to a liability for his commission in negotiating the contract.

Appellee contends that the question of the admissibility of the telegram was determined against appellant by this court upon a former appeal of the case, and that that decision having been permitted to become final, has become the law of the case. Merchants' Cotton Oil Co. v. Acme Gin Co. (Tex. Civ. App.) 284 S.

W. 680. It is true, as shown in the opinion, that this court did sustain the action of the trial court in excluding this telegram, and that the same procedure was followed in presenting the question; namely, the court heard evidence to determine if the telegram in fact constituted a part of negotiations for a compromise settlement.

We have made a thorough reinvestigation of the question presented, and have only succeeded in convincing ourselves that it is one of extreme difficulty. Obviously, the telegram was of a highly probative nature upon a material issue. Its exclusion can only be justified, if at all, in order to serve the purpose which makes negotiations for a compromise of controversies inadmissible. The telegram was not an offer. It was at most a solicitation of an offer or proposition from appellant. Many authorities seem to suggest that the rule of exclusion extends only to offers or propositions for compromise. Others, however, appear to go further and include any and all statements made in the negotiations for a compromise settlement of an existing or prospective controversy. We have concluded that the question of the admissibility of this testimony is so close that we would not be justified in now reversing the position of this court upon the question. There seems to be here presented an instance where the principle familiarly known as the "law of the case" is especially applicable. Upon this principle, and the authority of the former decision, we are disposed to sustain the action of the trial court.

■ The second ground urged by appellant for a reversal of the judgment embodies the contention that the form of the special issue above quoted directed the jury to a consideration of the evidence offered by plaintiff to the exclusion of the evidence, if any, offered by the defendant, going to show the existence of the contract. We are of opinion that the special issue is subject to that criticism. It is true enough that the plaintiff had the burden of establishing, by a preponderance of the evidence, the contract alleged, but the issue was one to be determined from a consideration of all of the evidence in the case. It might well be true that the plaintiff, although offering some slight evidence, could fail to prove the contract by evidence which we would be justified in holding sufficient, and yet the contract be fully proved when plaintiff's evidence was reinforced or augmented by evidence offered by the defendant. It is deemed unsafe to speculate as to the effect upon the jury of an improperly stated issue. Clearly, the real issue was whether or not it was shown by a preponderance of the evidence that the contract as alleged was made by the parties. We deem it unnecessary to go into a further discussion of the question because of the disposition of the case which we make by reason of the next proposition considered. There is no occasion for the same question to arise upon another trial.

■ Appellant next insists that the following instruction, given in connection with the special issue above quoted, was erroneous. The instruction was: "In connection with the foregoing special issue, I charge you that a contract can only be made upon a definite offer upon one side, stating the terms and the amount of the consideration, and an acceptance upon the other side, either by a formal acceptance or an acquiescence, which makes it certain that the offer made was intended to be accepted, and in order to constitute a contract the minds of the parties must meet as to all of the terms."

We find no objection to that part of the instruction which directed the jury that, in order to constitute a contract, the minds of the parties must meet as to all of the terms, except perhaps that it was a general charge rather than a definition, and therefore not proper to be given in a case submitted to the jury upon special issues. Such objection was not made. and is not considered. But the record discloses, we think, that the contract alleged by appellant was not an express contract as to all of its terms. The evidence suggests that some of the terms of the contract were implied from those expressed. Such being the case, it was misleading to tell the jury that a contract could "only be made upon a definite offer upon one side, *stating the terms*, (italics ours) and the amount of the consideration." It must be presumed that the jury made their finding based upon a compliance with said instruction. They had only to consider plaintiff's testimony as to the provisions of the contract, and, upon comparison of same to the allegations of the petition, to ascertain that some of the terms alleged in the petition were not stated in any proposition, the alleged acceptance of which was claimed to have resulted in the contract. In other words, the jury, in strict compliance with the instructions, may have made the finding they did as to the existence of the contract based solely upon their determination that some of the alleged provisions of the contract were not expressly mentioned in the negotiations over the telephone, which were claimed to have resulted in the contract.

Because of this error, it is our opinion that the judgment of the trial court should be reversed, the cause remanded for another trial, and it is accordingly so ordered.

LESLIE, J., not sitting.