CASUALTY INSURANCE COMPANY OF CALIFORNIA V.
MARTIN A. SALINAS.

No. A-7385. Decided March 9, 1960.
(333 S.W. 2d Series 109)

*House, Mercer & House* and *C. G. House,,* all of San Antonio, for petitioner.

The Court of Civil Appeals erred in sustaining plaintiff's point of error that "The trial court erred in refusing to permit plaintiff's attorneys to introduce evidence of spontaneous oral complaints of present pain and suffering made by the plaintiff, Martin Salinas." San Antonio & S. P. Ry. Co. v. Hammon, 92 Texas 509, 50 S.W. 123; Early & Clement Grain Co. v. City of Waco, 137 S.W. 431, error refused; Norton v. Lea, 170 S.W. 267.

*Putman & Putman* and *Richard G. Strong,* all of San Antonio, for respondents.

Cited: Pittman v. Baladez, 158 Texas 372, 312 S.W. 2d 210; Kansas City M. & O. Ry. Co. v. Torres, Texas Com. App., 57 S.W. 2d 1099.

Mr. Justice Norvell delivered the opinion of the Court.

This is a workmen's compensation case in which the Court of Civil Appeals sustained the sole point contained in appellant's brief and reversed the judgment of the trial court because of the exclusion of evidence proffered by the plaintiff, Martin A. Salinas. See, Salinas v. Casualty Insurance Company of California, 323 S.W. 2d 600.

At the outset we are confronted with a jurisdictional question. Salinas as respondent here contends that this Court has no jurisdiction of this cause and cites Kansas City M. & O. Ry. Co. v. Torres, Texas Com. App., 57 S.W. 2d 1099 in support of his position. There is some inconsistency of decisions upon the point and an analysis of the decided cases is necessary.

First, however, we set forth the essential facts of the present case insofar as they bear upon the jurisdictional issue. Salinas, while employed by Howel Refining Company was injured when a fellow workman dropped a large bolt upon his right shoulder. He claimed a temporary total incapacity, and a permanent partial incapacity of thirty per cent. The jury found, however, that the partial incapacity was limited to 52 weeks.

Upon the trial, Salinas testified as to his injury, the extent and duration of a disabling pain in his shoulder and back, and maintained that such pain persisted to the date of trial. Two doctors testifying for the insurance carrier stated that Salinas

was not seriously injured, had suffered little or no pain except for a short period after the injury, and in effect was malingering. To offset this medical testimony, Salinas called three lay witnesses and tendered proof that Salinas had complained of present existing pain at various times subsequent to his injury. The trial court excluded this testimony.

Upon appeal, Salinas presented one point only, namely:

"The trial court erred in refusing to permit appellant's attorney to introduce evidence of spontaneous oral complaints of present pain and suffering made by the appellant, Martin Salinas."

The Court of Civil Appeals sustained this point, held that the error was prejudicial, reversed the judgment of the district court and remanded the cause for another trial. 323 S.W. 2d 600.

In summary, we may point out that:

a.  The only error complained of related to the exclusion of evidence.

b.  The exclusion of the evidence proffered by Salinas did not prevent his making out a case. He was permitted to testify to an enduring pain in his shoulder and back.

c.  The Court of Civil Appeals' judgment was one of reversal.

This is not a case like Pittman v. Baladez, 158 Texas 372, 312 S.W. 2d 210, where this Court, after acquiring jurisdiction upon another point, proceeded to decide a question involving the admissibility of evidence and reversed the case upon an error of the trial judge in admitting improper testimony.[1]

---

1.—Some of the earlier cases treated rulings on the admissibility of evidence as being in somewhat the same category as a Court of Civil Appeals' holding that a jury finding is against the overwhelming preponderance of the evidence, King v. King, 150 Texas 662, 244 S.W. 2d 660, that is, as being matters over which this Court had no potential jurisdiction. See, Kirksey v. Southern Traction Company, 110 Texas 190, 217 S.W. 139; Langford v. Newsom, Texas Com. App., 220 S.W. 544 in which it was categorically stated that upon questions relating to the admissibility of evidence, "the decision of the Court of Civil Appeals * * * is final and not reviewable by the Supreme Court;" Panhandle & Santa Fe Ry. Co. v. Vaughn, Texas Com. App., 222 S.W. 206; Texas City Transport Co. v. Winters, Texas Com. App., 222 S.W. 541, 224 S.W. 1087. This view no longer obtains, partly

The particular jurisdictional statute involved is Article 1728, Sec. 6, Vernon's Ann. Texas Stats. We quote from such statute as follows:

"The Supreme Court shall have appellate jurisdiction co-extensive with the limits of the State, extending to all questions of law arising in the following cases which have been brought to the Courts of Civil Appeals from appealable judgments of trial courts * * * .

"6. In any other case in which it is made to appear that an error of substantive law has been committed by the Court of Civil Appeals which affects the judgment, but excluding those cases in which the Court of Civil Appeals is made final by statute."

Much of the confusion among the cases stems from two varying concepts of the term "substantive law."[2] In Trinity & Brazos Valley Ry. Co. v. Geary, (Jan. 1915) 107 Texas 11, 172 S.W. 545, 547, Chief Justice Brown took the position that the denial of a statutory or constitutional right which substantially affected the rights of a defendant to maintain its defense was an error of substantive law over which this Court had jurisdiction.[3]

Former Supreme Court Justice Hart, writing in the Texas Law Review in 1951 made this comment with reference to Trinity & Brazos Valley Ry. Co. v. Geary, viz:

"This decision illustrates the fact that the phrase 'substantive law' is used in a very broad sense to include any ruling which substantially affects the result of the case, and that as so

2.—The Supreme Court's jurisdictional statute has been amended from time to time since its adoption in 1892, i.e., in 1913, 1917, 1927 and 1953. The various changes in wording do not affect the problem presented here. The Act of 1917, as distinguished from that of 913, and the present Act, did not employ the phrase "substantive law," but such term was in effect written into the 1917 Act by judicial decision. See, Hartt v. Yturria Cattle Co., Com. App., 228 S.W. 551.

3.—In his opinion Chief Justice Brown referred to a rule adopted by the Court relating to applications for writs of error which provided that:

"If the case be one in which the Court of Civil Appeals has erroneously declared the substantive law of the case [it should be made to affirmatively appear, in the application for writ of error], that the ruling complained of was upon a question or questions of law that *substantially* affected the rights of the plaintiff to recover or the right of the defendant to maintain his defense." 159 S.W. vii. (Italics added).

by reason of changes in the wording of the jurisdictional statute. See, Holland v. Nimitz, 111 Texas 419, 232 S.W. 298, 239 S.W. 185; Moore v. Davis, Texas Com. App., 27 S.W. 2d 153; Commercial Standard Ins. Co. v. Robinson, 137 Texas 184, 151 S.W. 2d 795; Pittman v. Baladez, 158 Texas 372, 312 S.W. 2d 210.

used it applies to matters which are procedural and which in other connections would be thought of as matters of 'adjective law' rather than 'substantive law.' " Hart, Appellate Jurisdiction of the Supreme Court of Texas, 29 Texas Law Review 285, l.c. 297.

Similarly, Judge Robert W. Stayton pointed out that:

"The Supreme Court early construed the statute to mean an error which substantially affected the right to recover or defend, in other words, an error involving what is commonly understood as a 'right,' whether at law or in equity, and regardless of the fact that it had come to the appellate court in an adjective vehicle." 7 Texas Law Review 115, l.c. 118.

Judge Stayton's footnote comment was that, "As a practical matter the court could not have construed the Act literally since practically all errors depend upon adjective rulings." 7 Texas Law Review 115, l.c. 118.

With perhaps minor exceptions the rule laid down by Chief Justice Brown seems to have been consistently followed by this Court except for questions arising from the admission or exclusion of evidence. For instance, the question of whether or not a jury's answers to special issues are conflicting and the effect of a rule requirement that a court's charge should be in writing present matters of procedural or adjective law; yet in the landmark case of Denbow v. Standard Accident Insurance Company, 143 Texas 455, 186 S.W. 2d 236, both the Court and the dissenting justice evidently regarded the matter of this Court's jurisdiction of such questions as being so well settled that no mention was made thereof.

While the wording of the jurisdictional statute throughout its various amendments hardly affords a basis for distinguishing between evidence matters and other procedural problems of adjective law, a distinction based on evidence apparently had its origin in the case of Browder v. Memphis Independent School District, (Dec. 1915) 107 Texas 535, 180 S.W. 1077, wherein Chief Justice Phillips, writing for the Court, said:

"The assignment of error relating to the action of the trial court in overruling the plaintiff's motion for a continuance does not present a question of substantive law, and we therefore have no jurisdiction to review that ruling. For the same reason we are without authority, under the remaining assign-

ment in the petition for writ of error, to review the action of the Court of Civil Appeals upon the assignments of error made in that court concerning the rulings of the trial court on the admission of certain testimony. The admissibility of this testimony cannot be said to constitute a question of substantive law in this case."

This case seems to work a departure from the concept of "substantive law" set forth from Trinity & Brazos Valley Ry. Co. v. Geary and recognized as a basis for ;determining jurisdictional questions the distinction between adjective and substantive law. It should be noticed that Browder v. Memphis Independent School District does not, however, treat questions of evidence as belonging to a special category of adjective law. Seemingly, all matters of procedure were considered beyond the jurisdiction of this Court.

The holding of Kirksey v. Southern Traction Company, (1919), 110 Texas 190, 217 S.W. 139, is clearly to the effect that questions relating to the admissibility of evidence present questions of adjective law only. The opinion concludes:

"Numerous assignments of error presented by the Traction Company to the Court of Civil Appeals were not considered there. Several of them relate to admissibility of certain evidence presenting questions of adjective law over which this court has not jurisdiction, under Acts 1913, p. 107 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1521, 1522, 1526, 1543, 1944), under which the application for the writ of error was filed. They, and others, should be considered by that court. Accordingly the judgment of the Court of Civil Appeals is reversed, and the cause is remanded to that court for consideration by it of all duly presented unconsidered assignments of error, and for orders not inconsistent with this opinion."

Chief Justice Phillips was a member of the Court when Kirksey v. Southwestern Traction Company was decided and in the same year, 1919, wrote the opinion of the Court in Allen v. Pollard, 109 Texas 536, 212 S.W. 468, which seems to mark a departure from the concept that all matters relating to the admission of evidence present questions of adjective law only and lays the basis for the view that if the evidence be *controlling,* a matter of substantive as opposed to adjective law is involved.

The suit was one filed by F. M. Allen against Jas. T. Pollard, executor of the estate of W. C. Thomas. The executor took

Allen's deposition and inquired as to transactions had with the decedent. The trial court held that the executor had waived the benefits of the dead man's statute although the depositions were never introduced in evidence. Allen was permitted to testify and his evidence made out his case. This Court in sustaining the trial court's action said:

"The Supreme Court's jurisdiction of the case is governed by the Act of 1913. Allen's right of recovery depends upon this testimony. Having this vital relation to the case, the question of the admissibility of the testimony is to be regarded as one of substantive law."

While the opinion does not so hold in so many words, the holding is susceptible to the construction that while ordinarily the admission or rejection of testimony is a matter of adjective law, nevertheless when the particular evidence involved is essential to making a case, or a defense, then the matter becomes one of substantive law. This is hardly a logical concept. If the adjective-substantive distinction be recognized, it is difficult to see why a small error in admitting testimony relates to adjective law, but a large mistake becomes metamorphosed into an error of substantive law. However that may be, in a number of cases subsequent to Allen v. Pollard, this Court has dismissed applications for writs of error upon the grounds that the evidence admitted or excluded was not controlling or that the case did not turn upon the admission or exclusion of evidence. Seemingly in these cases, no distinction is made as to whether the Court of Civil Appeals affirmed or reversed because of the admission or exclusion of evidence.

In Smith v. Butcher, (1920), 110 Texas 617, 223 S.W. 166, the Court said:

"The Supreme Court is without jurisdiction of the case unless the ruling of the Court of Civil Appeals of which the plaintiff in error makes complaint, presents a question of substantive law. That ruling relates purely to the admissibility of certain testimony. The case cannot be said to turn upon this testimony. A question of substantive law is not presented."

An inspection of the Court of Civil Appeals' opinion, 195 S.W. 1180, discloses that that Court reversed the judgment of the trial court for refusing to admit certain proffered evidence. The Supreme Court did not consider that this action by the Court of Civil Appeals rendered the evidence controlling.

In Merchants' Cotton Oil Co. v. Acme Gin Co., 121 Texas 91, 42 S.W. 2d 777, this Court said:

"Since the evidence excluded does not necessarily control the case, nor present a question of substantive law, or any other question which the statute gives us the power to review, we are compelled to dismiss the application for want of jurisdiction."

In this case the Court of Civil Appeals reversed because of the giving of an erroneous instruction. The trial court was sustained in its action in excluding certain testimony. 39 S.W. 2d 937.

In Kansas City, M. & O. Ry. Co. v. Torres, Texas Com. App., 57 S.W. 2d 1099, particularly relied on by respondent in asserting that this Court is without jurisdiction, it appeared that the Court of Civil Appeals reversed because of the exclusion of certain proffered testimony in the trial court. 35 S.W. 2d 229. The Commission of Appeals held that:

"Since the evidence excluded by the trial court and held admissible by the Court of Civil Appeals does not necessarily control the case nor present a question of substantive law the power to review, the writ of error must be dismissed. Merchants' Cotton Oil Co. v. Acme Gin Co., 121 Texas 91, 42 S.W. 2d 777; Smith v. Butcher, 110 Texas 617, 223 S.W. 166; Hartt v. Yturia Cattle Co., (Texas Com. App.) 228 S.W. 551."

In Davis v. Williams, 136 Texas 27, 146 S.W. 982, the Court of Civil Appeals affirmed the trial court's action in ruling upon the admission of evidence. 144 S.W. 2d 445. This circumstance was not considered of importance by this Court which simply held that, "The evidence involved does not necessarily control the case. The jurisdiction of this Court is therefore not legally involved."

In City of Tyler v. Ginn, Texas Civ. App., 225 S.W. 2d 997, the Court of Civil Appeals considered three points of error challenging the trial court's ruling relating to evidence and reversed the judgment and remanded the cause for new trial. This Court dismissed the application on the ground that only questions of admissibility of evidence which did not control the case were involved. Ginn v. City of Tyler, 148 Texas 604, 227 S.W. 2d 1022. As authority for the holding the case of Davis v. Williams, 136 Texas 27, 146 S.W. 2d 982 was cited which again demonstrated that the ruling of the Court of Civil Ap-

peals either affirming or reversing the judgment of the trial court was considered immaterial.

However, in Hanks v. Gulf, Colorado & Santa Fe Railway Company, 159 Texas 311, 320 S.W. 2d 333, this Court took jurisdiction of the case and reversed the judgment of the Court of Civil Appeals upon a point involving the exclusion of evidence which could not be considered as controlling in the sense that it was essential to make out a case. This Court expressly rejected the contention "that it is only in situations where, because of the ruling of the trial court, the party is prevented from making out a case that the question concerning the admissibility of evidence becomes a matter of substantive law" within the jurisdictional statute. While the opinion contains language indicating that the action of the Court of Civil Appeals was an important consideration in determining whether or not the evidence was controlling, the cases cited clearly show that the action of the Court of Civil Appeals does not determine the jurisdiction of this Court. The authorities relied upon were Merchants' Cotton Oil Co., Inc. v. Acme Gin Co., 121 Texas 91, 42 S.W. 2d 777; Smith v. Butcher, 110 Texas 617, 223 S.W. 166; Kansas City M. & O. Ry. Co. v. Torres, 57 S.W. 2d 1099. As above pointed out, in two of these cases jurisdiction was denied despite the Court of Civil Appeals' reversal upon a point of evidence.

In the Hanks case concurring and dissenting opinions were filed. None, however, raised any question as to this Court's jurisdiction of the case. *Hanks* must, accordingly, be accepted as rejecting the indication of Allen v. Pollard that evidence to be controlling must be evidence that is essential to a cause of action or a defense. We use the term "indication" advisedly because apparently there seems to be no case which directly holds that the test of "controlling" as applied to evidence means evidence which is essential to the making out of a cause of action or the establishment of a defense.

It also seems that under the authorities no valid distinction insofar as this Court's jurisdiction is concerned can be based upon the Court of Civil Appeals' action in evidence cases, that is, in affirming or reversing a case.

1   The holding in the Hanks case, [Supra] particularly when analyzed in connection with the authorities which the opinion cites, as well as others dealing with the jurisdictional statute, indicates that the true rule applicable to rulings on evidence, as well as other matters of adjective law, is that suggested by

Judge Hart in his discussion of Trinity & Brazos Valley Railway Company v. Geary, 107 Texas 11, 172 S.W. 545, in 29 Texas Law Review 285, 297, namely, that this Court has jurisdiction of procedural errors, including those relating to evidence, which substantially affect the result of the case. In other words, evidence may be regarded as controlling if its exclusion or admission probably affected the result of the case.

2 Similarity of this statement with the language used in Rules 434 and 503, Texas Rules of Civil Procedure, is readily apparent. Since the adoption of the 1941 Rules of Civil Procedure and the decision of Denbow v. Standard Accident Ins. Co., 143 Texas 455, 186 S.W. 2d 236, placing all court rules on a parity, the two tests are identical for all practical purposes. While Rules 434 and 503 do not relate to Supreme Court jurisdiction, they contain language carefully chosen to accurately describe a useful legal concept or standard and it may correctly be said that under our interpretation of the jurisdictional article, this Court has jurisdiction to correct an error relating to the admission or exclusion of testimony or the giving or failure to give an instruction relating thereto, when it is made to appear that the action of the trial court (uncorrected by the Court of Civil Appeals) or the action of the Court of Civil Appeals with reference to such matters amounted to such a denial of the rights of a party as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case.

3 Again alluding to Judge Hart's article in 29 Texas Law Review 285, it is pointed out therein that the first five sections of Article 1728 do not mention the commission of an error by the Court of Civil Appeals as being a requisite of the Supreme Court's jurisdiction. Under the sixth section, however, an error by the Court of Civil Appeals is an essential element of this Court's authority and jurisdiction over the case.

However, if the case be one within the potential jurisdiction of the Supreme Court, that is one in which a right of appeal is provided and the judgment of the Court of Civil Appeals is not made final by constitutional or statutory enactments, a writ of error may be granted under Article 1728, Sec. 6 upon a showing of probable error. "Of course, the decision of the Supreme Court to grant the writ of error is not a final determination that the judgment of the Court of Civil Appeals should be reversed, since it is the practice of the Supreme Court to grant a writ of error where as many as three of the nine judges are favorable to doing

so, and since the views expressed upon the granting of a writ of error are only tentative." 29 Texas Law Review 292.

4 The requisite number of justices voted to grant writ of error in this cause because they were of the tentative opinion that the trial court correctly excluded the testimony proffered by the respondent Salinas or that such action of the trial court was not prejudicial, we accordingly conclude that this Court has jurisdiction of this cause under Article 1728, Sec. 6 and overrule respondent's contention asserting a want of jurisdiction.

Upon consideration of the merits of the case, our investigation has led us to the conclusion that the overwhelming weight of American authority supports the position of the Court of Civil Appeals in holding that Salinas' proffered witnesses should have been permitted to testify as to his complaints of presently existing pain. In Roth v. Travelers' Protective Ass'n. of America (1909) 102 Texas 241, 115 S.W. 31, cited by the Court of Civil Appeals, Mr. Justice Brown, writing for this Court, carefully considered numerous items of evidence in connection with various objections made thereto. It was held that the following statement of a witness was admissible, viz:

"He was not so talkative as he had been. Mr. Roth (the injured person) complained each day while he was with me, and said he was feeling badly, and told me that his head hurt him."

In Northern Pacific Railroad Company v. Urlin (1894) 158 U.S. 271, 15 S. Ct. 840, 39 L. Ed. 977, the Supreme Court of the United States quoted the following with approval from Fleming v. Springfield, 154 Mass. 520:

"The declarations of a party himself, to whomsoever made, are competent evidence, when confined strictly to such complaints, expressions, and exclamations as furnish evidence of a present existing pain or malady, to prove his condition, ills, pains and symptoms, whether arising from sickness or from an injury by accident or violence."

This matter is fully covered by Dean Wigmore and it appears that statements of existing bodily pain have been recognized as an exception to the hearsay rule since the early part of the 19th century. The basis for the exception is stated by Wigmore with a wealth of supporting authorities as follows:

"Applied specifically to the present Exception, the judicial doctrine has been that there is a fair necessity, for lack of other better evidence, for resorting to a person's own contemporary statements of his mental or physical condition. It is indeed possible to obtain by circumstantial evidence (chiefly of conduct) some knowledge of a human being's internal state of pain, emotion, motive, design, and the like; but in directness, amount, and value, this source of evidence must usually be decidedly inferior to the person's own contemporary assertions of those conditions. It might be argued, however, that the person's own statements on the stand would amply satisfy the need for his testimonial evidence. The answer is that statements of this sort on the stand, where there is ample opportunity for deliberate misrepresentation and small means for checking it by other evidence or testing it by cross-examination, are comparatively inferior to statements made at times when circumstances lessened the possible inducement to misrepresentation." Wigmore on Evidence (3rd Ed.), Sec. 1714.

See also, Wigmore on Evidence (3rd Ed.), Sec. 1718; Caldwell v. Murphy, 11 N.Y. 416, 419 — "It is one of the natural concomitants of illness and of physical injuries for the sick or injured person to complain of pain and distress * * * ." In re Spiegelglass, 48 N.J. Super. 265, 137 Atl. 2d 440; Collins-Dietz-Morris Co. v. Richardson, Okla., 307 P. 2d 159; Annotation, 64 A.L.R. 557; McCormick and Ray, Texas Law of Evidence (2d Ed.), Sections 832, 841, 842, 845; McCormick on Evidence (1954), Sections 561, 562; Richard C. Donnelly, "The Hearsay Rule and its Exceptions" 40 Minnesota Law Review 455, l.c. 476.

5  Statements of existing bodily pain need not be made to a physician in order to be admissible, Wigmore (3rd Ed.), Sec. 1719, although this circumstance may have some bearing upon the weight given the declaration by a jury. Northern Pacific Railroad Co. v. Urlin, supra, nor is it essential that the expression of pain concerning which testimony is offered be of an involuntary nature such as a scream or a groan or the like. A verbal and articulate statement of complaint comes within the exception to the hearsay rule. Wigmore (3rd Ed.), Sec. 1719.

It is argued in the application for writ of error that objections other than the hearsay nature of the evidence were made to the testimony of the witness tendered by Salinas, such as, that the questions propounded to the witness were leading and suggestive, called for conclusions and the like. It would serve

no useful purpose to set forth in detail the nature and extent of our examination of the statement of facts in connection with these contentions. We agree with the analysis of the record made by the Court of Civil Appeals. The real objection to the proffered evidence was that it was inadmissible because of the hearsay rule. This seems clear enough from these excerpts from that portion of the statements of facts relating to the testimony of the witness, Juan Guerra:

"Q: (by attorney for plaintiff-respondent) And you know, do you not, that he had an accident to his back? A: No.

"Q: In June of last year? A: Not at that time. I saw him—

Objection (by attorney for defendant-petitioner, interrupting) I am going to object, your honor. I don't think his answer is going to be responsive to the question.

"Q: I will rephrase the question. I will ask the question again. Juan, listen to my question. Do you know that Martin [Salinas] had an accident to his body in June, 1957? A: Yes. I saw him in July or August, 1957, and he told me about that,

- - - -

"Defendant's attorney — Hold it. I am going to object to any conversation between Mr. Salinas and this gentleman.

"The Court — sustained * * * .

"Q: Did you have a conversation with Martin at that time? A: Yes.

"Q: Did Martin complain to you of pain in his body at that time?

"Defendant's attorney—I am going to object to that, Your Honor, because it is hearsay as between these parties.

"The Court—sustained."

The above excerpt, while brief, is fairly typical of the Court's ruling as to all of the witnesses produced by Salinas to testify to his complaints of then existing bodily pain. The bills of exceptions disclose that the witnesses, had they been permitted to testify, would have said that upon occasions after his injury Salinas complained of pain and serious bodily discomfort. The

record discloses beyond doubt that evidence of such complaints was excluded by the trial judge because of his belief that such statements were proscribed by the hearsay rule.

We are likewise of the opinion that the error of the trial court was prejudicial to respondent under Rules 434 and 503, Texas Rules of Civil Procedure. This matter is fully considered by the Court of Civil Appeals and the holding of that court upon the point is approved by us.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered March 9, 1960.

MR. JUSTICE GRIFFIN, dissenting.

"Remove not the ancient landmark, which thy fathers have set." Proverbs, 22:28.

For more than forty years it has been the holding of this Court that before this Court would take jurisdiction of a complaint about the admission or rejection of evidence the evidence must be "controlling" or the case must "turn" upon the evidence point. The majority opinion herein sets aside and overrules this holding and seeks to substitute a holding that this Court has jurisdiction to correct an error relating to the admission or exclusion of testimony where it is made to appear that the action of the trial court (uncorrected by the Court of Civil Appeals), or the action of the Court of Civil Appeals with reference to such evidence amounted to a denial of the rights of a party as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. With this rule I do not agree. I do agree, however, that if the evidence sought to be admitted or which was excluded was "controlling," or the case "turns" on such evidence that this Court would have jurisdiction to grant a petition for writ of error, and I think such have been the decisions of this Court long previous to the case at bar.

In the case of Browder v. Memphis Independent School Dist., 1915, 107 Texas 535, 180 S.W. 1077(2), this Court said:

"The assignment of error relating to the action of the trial court in overruling the plaintiffs' motion for a continuance does not present a question of substantive law, and we therefore have no jurisdiction to review that ruling. For the same reason we

are without authority, under the remaining assignment in the petition for writ of error, to review the action of the Court of Civil Appeals upon the assignments of error made in that court concerning the rulings of the trial court on the admission of certain testimony. The admissibility of this testimony cannot be said to constitute a question of substantive law in this case."

In Allen v. Pollard, 1919, 109 Texas 536, 212 S.W. 468, this Court said:

"The Supreme Court's jurisdiction of the case is governed by the Act of 1913. Allen's right of recovery depends upon this testimony. Having this vital relation to the case, the question of the admissibility of the testimony is to be regarded as one of substantive law."

In the case of Slaton v. Citizens' Nat. Bank of Plainview, Texas Com. App., 1920, 221 S.W. 955, Judge McLendon of Section B, said:

"The first of those rulings relates to the trial court's action in excluding testimony as to the value of certain lots acquired by Slaton at the time he acquired the barn property. This testimony was offered as tending to impeach the testimony of Slaton as to the valuation placed by him upon the barn property at the time he acquired it, and circumstantially as tending to show that the barn property was not as valuable as claimed and testified to by Slaton. The question thus presented is, we think, clearly not one of substantive law, and the decision of the Court of Civil Appeals thereon is therefore final."

In Panhandle & S. F. Ry. Co. v. Vaughn, Texas Com. App., 1920, 222 S.W. 206, the Court said:

"The second ground of error sets out an assignment complaining of the admission of certain testimony relating to the extent of the damage of the cattle. *As the case does not turn upon the admission or rejection of such testimony, the assignment does not present a question of substantive law.* The Supreme Court is therefore without jurisdiction to review it. Vernon's Sayles' Ann. Civ. 1914, art. 1521, subd. 6; Browder et al. v. Memphis Independent School District, 107 Texas 538, 180 S.W. 1077."*

*Emphasis mine unless otherwise indicated in this citation and those following.

The case of Smith v. Butcher, 1920, 110 Texas 617, 223 S.W. 116, was one in which a writ of error was sought on admissibility of certain testimony. In holding we had no jurisdiction we said:

"The Supreme Court is without jurisdiction of the case unless the ruling of the Court of Civil Appeals of which the plaintiff in error makes complaint, presents a question of substantive law. That ruling relates purely to the admissibility of certain testimony. *The case cannot be said to turn upon this testimony.* A question of substantive law is not presented. Browder v. Memphis Independent School District, 107 Texas 535, 180 S.W. 1077."

The action of the Court in granting the writ of error was withdrawn and the cause dismissed, w.o.j.

In Texas City Transp. Co. v. Winters, Texas Com. App., 1920, 224 S.W. 1087, on motion for rehearing, it was claimed that the ruling on admissibility of evidence was a question of substantive law. Judge McLendon, in overruling the motion for rehearing, said:

"The test laid down by the Supreme Court in Smith v. Butcher, 110 Texas 617, 223 S.W. 166, for determining whether a ruling upon the admission or exclusion of testimony is a question of substantive law is whether the case can *'be said to turn upon this testimony.'* * * *."

In the case of Dallas Waste Mills v. Texas Cake & Linter Co., Texas Com. App., 1921, 228 S.W. 118, it was said:

"Several assignments of error complaining of the admission or rejection of testimony are urged; but, as these assignments do not present questions of substantive law, their disposition by the Court of Civil Appeals is final. Smith v. Butcher, 110 Texas 617, 223 S.W. 166."

The Supreme Court approved the holding of the Commission on the question discussed.

In the case of Hartt v. Yturia Cattle Co., Texas Com. App., 1921, 228 S.W. 551, Judge Powell for Section B discusses the matter of jurisdiction of the Supreme Court to take a case wherein the only points of error were confined to an attack upon the action of the trial court in admitting certain testimony. He says that while the case did turn upon whether certain represen-

tations and guaranties had been made by the seller (appellee) to the purchaser (Hartt) it did not turn upon the evidence of custom tendered by seller, and excluded by trial court. The Court said, "no rights were asserted by reason of the alleged custom; and the only purpose of the evidence of such custom was to discredit and cast a doubt upon the evidence that the agreement declared upon was made, and to corroborate the evidence that no such agreement was made." This case was dismissed, w.o.j.

In Kansas City, M. & O. Ry. Co. of Texas v. Estes, Texas Com. App., 1921, 228 S.W. 1087(6), it was said:

"The assignments of error, complaining of the exclusion of certain testimony of Chambers giving his opinion upon the manner in which plaintiff received his injuries, do not present questions of substantive law, and are not within the jurisdiction of the Supreme Court."

C. J. Phillips, in Holland v. Nimitz, 1922, 111 Texas 419, 239 S.W. 185, discusses the jurisdiction of the Supreme Court under the various statutory provisions of the Constitutional amendment of 1891 (redefining the jurisdiction of the Supreme Court and establishing the Courts of Civil Appeals) beginning with the Act of April 13, 1892 and down through the Act of March 15, 1917. Particularly was it held that where the Supreme Court had jurisdiction of a cause under one of the first five subdivisions of the statute (now Art. 1728, Vernon's Annotated Texas Civil Statutes) and where the judgment of the Court of Civil Appeals was not made final by statute (now Art. 1821, Vernon's Annotated Texas Civil Statutes), and other assignments raised the question of admissibility of evidence only, the Court would decide the whole case including the evidence assignments. In a series of cases reported in 114 Texas 375, 269 S.W. 1024 (1925), this Court, speaking through Justice Greenwood, discusses at great length the jurisdiction of this Court on applications for writ of error. The opinion states that "the questions presented by these applications, [writs of error] however, are typical of so great a number which are constantly brought here for review that we have deemed it important to state the questions and the grounds for the conclusions that they are without or within the court's jurisdiction."

In disposing of the application in the case of L. B. Price Mercantile Co. v. Moore, [114 Texas 375, 269 S.W. 1024, 1026], the Court said:

"* * * The principal contention in this petition is that the court should review the exclusion of evidence tending to show that defendant in error, her husband, and her daughter had maintained two suits within two years for alleged personal injuries, of which no objective symptoms were found. Plaintiff in error nowise challenges the finding of the Court of Civil Appeals that the record contains ample evidence of an unjustifiable assault on defendant in error by plaintiff in error's agents, resulting in her injury substantially as alleged, and as found by the jury. *Thus it appears that the case could not possibly be held to turn on the excluded testimony.* We had no jurisdiction of a complaint about the exclusion of such testimony under the 'substantive law rule,' and we have none under the present statute. Browder v. Independent School District, 107 Texas 538, 180 S.W. 1077; Smith v. Butcher, 110 Texas 618, 223 S.W. 166; Kirksey v. Traction Co., 110 Texas 193, 217 S.W. 139; Hartt v. Yturia Cattle Co. (Texas Com. App.) 228 S.W. 551."

Moore v. Davis, Texas Com. App., 1930, 27 S.W. 2d 153, 157, again sets forth the rule that once the Supreme Court takes jurisdiction under one of the first five subdivisions of Art. 1728, it will also decide questions involving admission or exclusion of evidence. The Court said:

"It is quite true, * * * that ordinarily a question of the admissibility of evidence is not one of substantive law, and the Supreme Court might not grant a writ of error where such a question alone is presented; but once the court examines an application and concludes an error of substantive law has been committed, then it follows, under the very language of the statute, its jurisdiction then extends *"to all questions of law arising"* in the case. The case of Holland v. Nimitz, 111 Texas 419, 232 S.W. 298, 239 S.W. 185, shows the difference between the statute as it now exists and the act of 1913." (Court's emphasis).

In Compton v. Dannenbauer, 1931, 120 Texas 14, 35 S.W. 2d 682, 79 A.L.R. 1488, this Court reiterated the rule that the Supreme Court will not grant a writ of error under subd. 6 of Art. 1728 to review a cause where the bare issue of the admissibility of evidence is the only question presented *unless the evidence is decisive of the case.* The Supreme Court held, however, that if the Court takes jurisdiction under assignments raising one of the first five subdivisions of Art. 1728. it will decide questions of evidence. Kansas City, M. & O. Ry. Co. v. Torres, Texas Com. App., 1933, 57 S.W. 2d 1099, 1100, hold that *"since the evidence excluded by the trial court and held admissible by the Court of Civil Appeals does not necessarily control the case nor*

*present a question of substantive law or any other question which the statute gives the Supreme Court the power to review, the writ of error must be dismissed.* Merchants' Cotton Oil Co. v. Acme Gin Co., 121 Texas 91, 42 S.W. 2d 777; Smith v. Butcher, 110 Texas 617, 223 S.W. 166; Hartt v. Yturia Cattle Co. (Texas Com. App.) 228 S.W. 551."

In the course of the opinion the Court said the case turned on the question of whether ejection of plaintiff, a trespasser, by defendant's railroad brakeman was within the brakeman's course of employment. The writ was dismissed by the Supreme Court as recommended by the Commission.

We now come to the case of Hanks v. Gulf C. & S. F. Ry. Co., 1959, 159 Texas 311, 320 S.W. 2d 333. That case had only one point of error and that point involved the action of the trial court in excluding certain testimony tendered by the condemnor as to values placed by condemnee on the remainder of his land not taken by condemnation proceedings. This Court recognized that the proffered evidence must be "controlling" or that the case "turns" on such evidence, when we said, "the respondent invokes the well settled rule that where a complaint is made as to the admission or exclusion of evidence, it will not be said to concern a matter of substantive law unless the evidence 'controls' the case, or the case 'turns' on the evidence in question. The contention is made that it is only in situations where, because of the ruling of the trial court, the party is prevented from making out a case that the question concerning the admissibility of evidence becomes a matter of substantive law, citing the case of Allen v. Pollard, 109 Texas 536, 212 S.W. 468, in support of such contention."

The Court further says:

"We do not agree with the position thus taken by the respondent. It is true that respondent, who was the appellant in the Court of Civil Appeals, presented only three points of error. Each of these point complained that the trial court erred in refusing to permit appellant-respondent to introduce certain testimony. The Court of Civil Appeals sustained such contention and reversed and remanded the cause for a new trial. *Unquestionably, the court made the evidence controlling of the case, and the judgment of the court 'turned' on the evidence in question.* It reversed and remanded the cause for a new trial. *Thus, that court by its action made the evidence controlling of the case, and the judgment of that court 'turned' on the evidence*

*in question. It is well settled by the decisions of this Court that if the evidence necessarily controls the case, or if the case turns on the evidence in question, this Court has jurisdiction.* See Merchants' Cotton Oil Company, Inc. v. Acme Gin Company, 121 Texas 91, 42 S.W. 2d 777; Smith v. Butcher, 110 Texas 617, 223 S.W. 166; Kansas City, M. & O. Railway Company v. Torres, Texas Com. App., 57 S.W. 2d 1099. In the Acme Gin Company case, supra, the court, after stating that the only question presented by the application for writ of error was one of admissibility of evidence, disposed of the jurisdictional question by holding that '* * * Since the evidence excluded does not necessarily control the case * * *, we are compelled to dismiss the application for want of jurisdiction. * * *' *In the instant case, we have held that the evidence is controlling and that the judgment of the Court of Civil Appeals turned on the evidence in question.* In all of these cases, including the instant case, this Court had and has jurisdiction to determine the question of whether or not the excluded evidence was controlling, or whether the case 'turned' on the evidence. We hold that this Court has jurisdiction to consider the question presented in the petition for writ of error."

From this Court's opinion we agreed with respondents' "well settled rule", but we did not agree with that portion which states "that it is only in situations where, because of the ruling of the trial court, the party is prevented from making out a case that the question concerning the admissibility of evidence becomes a matter of substantive law." This is our latest expression on the question under search, and in my opinion, it recognizes that the evidence under consideration must "control" the case, or the case must "turn" on the evidence in question. The Hanks case also recognizes that the action of the Court of Civil Appeals can make the evidence controlling by its action and thus give this Court jurisdiction. There is nothing illogical or surprising about such a rule as far as I can see. Unless the evidence "controls" the case, or the case "turns" on the evidence in question we have only a fact question which must be decided on the weight and preponderance. It requires no citation of authorities for the proposition that our State Constitution, Art. 5, Sec. 3, limits our jurisdiction to "questions of law" only; or that Art. 5, Sec. 6 makes the decisions of Courts of Civil Appeals conclusive on all questions of fact brought before them on appeal.

The writer became a member of this Court on April 1, 1949. At that time the present chief justice and five associate justices

had many years of service on this Court. Some of those justices were members of the Court or the Commission of Appeals at the time this matter of jurisdiction was being discussed, "threshed out" and settled. Without any argument, the Court as then constituted, believed that the law was settled, and had been settled for at least thirty or more years, that this Court had jurisdiction of admissibility or exclusion of evidence only where such evidence was "controlling" or the case "turned" on such evidence; or where the Court of Civil Appeals, by its decision on the evidence question, had made it control the case. This is the rule which we recognized and approved in the Hanks case.

For other cases decided by the Supreme Court or the Commission recognizing the rule above, but which cases have not been discussed in this dissent, see Langford v. Newman, Texas Com. App., 1920, 220 S.W. 544 (9) ; Kansas City, M. & O. Ry. Co. of Texas v. Estes, Texas Com. App., 1921, 228 S.W. 1087 (6) ; Merchants' Cotton Oil Co. v. Acme Gin Co., 1931, 121 Texas 91, 42 S.W. 2d 777; Davis v. Williams, 1941, 136 Texas 27, 146 S.W. 2d ·982; Ginn v. City of Tyler, 1950, 148 Texas 604, 227 S.W. 2d 1022; 7 Texas Law Rev. 119; 29 Texas Law Rev. 296-301.

When the admitted or excluded evidence is cumulative, impeaching or other than the sole evidence on the point, we have the question of determining the weight and preponderance of such evidence. Unquestionably, that presents a fact issue over which this Court has no jurisdiction.

Rules 434 and 503, T.R.C.P., apply to instances where "an error of law" has been committed and they do not attempt to determine our jurisdiction. If I am correct in my view as to our jurisdiction, it must follow that on those assignments regarding admission or exclusion of evidence which are not "controlling" or on which the case does not "turn" present only fact questions and are not within the purview of either rule.

I cannot bring myself to agree with the majority which destroys "the ancient landmarks" defining this court's jurisdiction, and I respectfully dissent therefrom. I am of the opinion that this Court had and has jurisdiction to grant the application for writ of error in this case for the reason that the Court of Civil Appeals' judgment reversing and remanding the trial court's judgment solely on this evidence point made the case "turn" on the point of evidence and also made the point of

466

evidence "controlling" of its judgment. Also, by our opinion affirming the Court of Civil Appeals we have made our judgment turn solely upon that point of evidence. Since a final judgment has been rendered by the Court of Civil Appeals, and this Court disposed of this litigation on this evidence point, it follows that the evidence point has become one of law. Had the jurisdiction of this Court been placed on that ground, I would not have dissented.

CHIEF JUSTICE HICKMAN concurs in the result on the ground last above mentioned.

I concur in the result reached by the Court in this case on the merits.

Opinion delivered March 9, 1960.